**In re MONEYS DEPOSITED IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA.**

No. M-966.

District Court, E. D. Pennsylvania.

Dec. 23, 1941.

Albert H. Ladner, Jr., A. Jere Creskoff, and Michael Edelman, all of Philadelphia, Pa., for petitioner.

Gerald A. Gleeson and Thomas J. Curtin, both of Philadelphia, Pa., for respondent.

BARD, District Judge.

This matter is before me on petition of an escheator of the Commonwealth of Pennsylvania for an order directing the payment to the Commonwealth of Pennsylvania of moneys deposited in the registry of this court.

The petition recites that at the conclusion of criminal prosecutions in this court many years ago against defendants alleged to have paid or tendered bribes to officials of the United States, the sums of money involved were paid into the registry of this court in accordance with the Act of Congress of January 7, 1925, c. 33, 43 Stat. 726, 18 U.S.C.A. § 570. Five years thereafter they were transferred to the credit of the Treasury of the United States in accordance with the Act of February 19, 1897, c. 265, Sec. 3, 29 Stat. 578, as amended by the Act of March 3, 1911, c. 224, 36 Stat. 1083, 28 U.S.C.A. § 852, which pro-

vides in part as follows: "In every case in which the right to withdraw money so deposited has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge or judges of said court, or its successor, to cause such money to be deposited in the Treasury of the United States, in the name and to the credit of the United States. Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders."

In 1934 petitioner was duly appointed an escheator for the Commonwealth of Pennsylvania and filed a petition with the Court of Common Pleas of Philadelphia County seeking escheat of the funds referred to above, in reliance on provisions of the escheat laws of Pennsylvania. After answer to that petition filed by the United States and a hearing thereon, that court entered a final decree awarding the sums in question to the petitioner as escheator of the Commonwealth of Pennsylvania and authorizing him to apply to this court for payment thereof. In accordance with such authority the present petition was filed in this court. The United States has filed no answer thereto and accordingly there is no question of the accuracy of the facts alleged.

The right of the Commonwealth of Pennsylvania to escheat unclaimed money deposited in the registry of this court and later covered into the United States Treasury in accordance with federal statute has been settled by the Supreme Court of the United States in a related case. United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840. The duty of this court to order the payment of such funds to the escheator for the Commonwealth of Pennsylvania upon a showing of a valid title established by the state court was thereafter settled by the Circuit Court of Appeals for this circuit in United States v. Klein, 106 F.2d 213, certiorari denied 308 U.S. 618, 60 S.Ct. 295,

84 L.Ed. 517. Therefore, the only question in this proceeding is the validity of the title of the Commonwealth of Pennsylvania under the decree of the Court of Common Pleas of Philadelphia County in the escheat proceedings.

The sole argument of the government in opposition to the allowance of this petition is that the effect of the escheat statutes of Pennsylvania is to make the Commonwealth a successor to the right of the unknown or missing person entitled to the money, and that neither the defendants charged with bribery nor the federal officials to whom the bribes were tendered were entitled to the sums of money involved in these proceedings. Whatever might be the merits of this argument, it is clear that it raises a question which was properly for the decision of the Common Pleas Court in the escheat proceedings. Since that court, in an action in which it had jurisdiction to adjudicate who was properly entitled to the res involved in the present proceeding, duly decreed that it was escheated to the Commonwealth of Pennsylvania, the title thus established is not subject to attack in this court. The petition is therefore allowed.

A decree may be submitted.