STATE OF MISSOURI, EX REL. JOHN F. FUGATT, RELATOR, v. JAMES P. HAWKINS, JUDGE OF THE WEBSTER COUNTY CIRCUIT COURT, RESPONDENT.—264 S. W. 2d 387.

Springfield Court of Appeals. Opinion Delivered February 6, 1954.

*Haymes & Haymes* for relator.

642

*Stockard & Stockard* for respondent.

McDOWELL, P. J.—This is an original proceeding in prohibition. A provisional rule was issued to respondent, Honorable James P. Hawkins, Judge of the Circuit Court of Webster County, Missouri, to prevent him from assuming jurisdiction over the person of relator in a condemnation proceeding.

Relator's application states that the Sho-Me Power Corporation instituted a proceeding in condemnation in Webster County, Missouri, to obtain a right-of-way over lands belonging to relator and others, naming relator as defendant; that said condemnation petition included an application for order of publication of notice as follows:

"Defendants, John F. Fugatt, Frances Fugatt, * * * are nonresidents of the State of Missouri or have absented themselves from their usual place of abode in this State or have concealed themselves so that the ordinary process of law cannot personally be served upon them. The present known address of John F. Fugatt in C.P.O. U.S.S. Northampton, c/o Fleet Post Office, New York, New York.

"WHEREFORE petitioner prays that the court shall issue "an order of publication of notice to the defendants notifying them of the commencement of this action and stating briefly its object and general nature and describing the property affected."

The application stated that the clerk of the Circuit Court in pursuance of such application made an order of publication, directed to this petitioner and other defendants, which was published in The Marshfield Mail, a newspaper in Webster County, notifying petitioner that the condemnation proceedings would be heard December 3rd, 1953, in the Circuit Court room of Webster County.

The application stated that the Sho-Me Corporation requested the clerk to send a copy of the summons with petition attached to relator by registered mail, which request was complied with by the clerk and a copy of the summons and petition by registered mail was received by relator November 17, 1953.

The application states that on December 10, 1953, relator filed a motion to quash the service for the reason that the methods of attempted service were made under the provisions of the general service statute and rule of the Supreme Court in connection therewith. The motion states that the only methods of service available to the Sho-Me Power Corporation were those set forth in section 523.030 R. S. Mo. 1949. It states that the attorney for the Sho-Me Corporation admitted that relator was a resident of Missouri in his argument on his motion to

quash and stated that service by publication was authorized under the allegation that relator had absented himself from his usual place of abode in this state so the ordinary process fo law could not be served upon him. The application stated that the court denied relator's motion to quash and exceptions were saved to such rule. It stated that the trial court set the cause for hearing December 30, 1953, and that petitioner verily believes that the trial court will proceed to appoint commissioners to assess damages unless prohibited to do so by an order of this court.

Relator's application further states that by the provisions of section 523.030 R. S. Mo. 1949 service by publication in condemnation proceedings is only authorized if the name or residence of the owner be unknown, or if the owner be a non-resident of Missouri.

The application then states that relator has no adequate remedy by appeal or otherwise and prays that this court prohibit the trial court from proceeding in said condemnation proceedings so far as the interest of relator is concerned.

Respondent filed a motion for judgment on the pleadings and record and assigns four reasons therefor:

1. The petition fails to state facts showing that relator is entitled to relief.

2. There is nothing before the court from which it can conclude that respondent acted in excess or without jurisdiction.

3. Service by publication as shown by the record was proper.

4. Service by registered mail is authorized in condemnation proceedings and the record shows that proper service was had by mail on relator.

Respondent's return states that in exercising jurisdiction over relator, he did not exceed his jurisdiction but, after considering the pleadings and the motion to quash, filed by relator, the evidence offered thereon and the arguments made in support of the motion, did act in what he believed was right in assuming jurisdiction over relator in the condemnation proceeding.

The return admits respondent denied the motion to quash the service had on relator; that relator saved exceptions to the ruling and that the cause was set for trial December 30, 1953; that the cause has been continued awaiting the action of the Appellate Court.

The return denied every other allegation in relator's application contained.

The return pleads that the Sho-Me Corporation filed its verified petition in condemnation pursuant to an order of the court, directing the clerk of the court to issue summons to each named defendant, including relator, or cause proper publication of notice for three weeks consecutively. That in said petition it was alleged that relator was a non-resident of Missouri and that he could not be served by the ordi-

nary process of law; that section 523.030 R. S. Mo. 1949 provides, in part, that if the residence of the owner of land be unknown or if the owner does not reside within the state, notice shall be given by publication. The return alleges that notice of publication to relator was given according to the law as declared in said section of the statute and was valid service.

Relator pleads that condemnation proceeding in Missouri is a special proceeding within the meaning of section 506.160 R. S. Mo. 1949 and that notice by publication is specifically authorized by section 523.030 R. S. Mo. 1949; that said section 506.160 authorizes sub-stituted service by registered mail in any special proceeding in which notice of publication is authorized when plaintiff makes the required allegation in its petition, which was done; that service by mail was had in accordance with the statute provided and that relator was served November 17th, 1953, which was more than ten days before the hearing of the petition and respondent states that such substituted service by mail was a valid service under the law.

The return denies that the relator had no adequate remedy at law and states that the petition is fatally defective in that it fails to state grounds upon which the court would be warranted in determining respondent acted in excess of jurisdiction.

An examination of relator's application for writ of prohibition and the return of respondent reveals that there are but two questions presented to this court for determination.

First, does the application for the writ state sufficient facts to warrant this court in issuing its order prohibiting respondent, Judge of the Circuit Court of Webster County, from proceeding to hear a condemnation proceeding because relator was not properly served?

Secondly, is substituted service by mail authorized in condemnation proceedings?

We think we can dispose of the motion to quash and the questions involved therein in deciding the above issues.

It is contended by relator that eminent domain is a power given by statute in derogation of the common law; that proceedings thereunder must be strictly construed in favor of the property owners. The law is so stated in the City of Caruthersville, et al. v. Faris, et al., Mo. App., 146 S. W. 2d 80; Board of Regents v. Palmer, Mo. Supp., 204 S. W. 2d 291.

Section 506.010 R. S. Mo. 1949 reads as follows:

"This code shall be known and cited as 'The Civil Code of Missouri' and shall govern the procedure in the supreme court, court of appeals, circuit courts and common pleas courts in all suits and proceedings of a civil nature whether cognizable as cases at law or in equity, unless otherwise provided by law. * * *"

Proceedings in condemnation are specifically provided for in Chapter 523 R. S. Mo. 1949.

Section 523.030 R. S. Mo. 1949 provides how service may be obtained. Said section reads as follows:

"Upon the filing of the petition, a summons shall be issued, giving such owner at least ten days' notice of the time when said petition will be heard, which summons shall be served by the sheriff of the county, in the same manner as writs of summons are or may be by law required to be served. If the name or residence of the owner be unknown, or if the owners, or any of them, do not reside within the state, notice of the time of hearing the petition, reciting the substance of the petition and the day fixed for the hearing thereof, shall be given by publication for three weeks consecutively, prior to the time of hearing the petition, in a newspaper published in the county in which the proceedings are pending,   *   *   *"

It is admitted in relator's application that service by publication was had by publishing notice to the relator in "The Marshfield Mail", a newspaper published in Webster County, as required by Section 523.030 R. S. Mo. 1949 under the Special Condemnation Proceedings, but, plaintiff contends that the request made by the Sho-Me Corporation, in its condemnation proceedings, was under the General Civil Code. The application clearly shows that this request did state that relator was a non-resident of the state of Missouri. The statute provides that if the owner does not reside within the state publication may be had. We submit that whether or not the relator was a non-resident of the state was a question of fact to be first decided by the trial court. Now relator's application states that a motion to quash the service as to relator was filed in the trial court. It states that in the argument it was admitted that relator was a resident of Missouri but resided without the state. This is denied in the return. In other words, relator says that he was a resident of Webster County and owner of the lands sought to be condemned by the Sho-Me Power Corporation in the condemnation proceeding; that he was at the time in the armed forces of the United States, stationed in New York City. Of course there is no proof of those facts in this court. There is no proof that such testimony was before the trial court and, certainly, the question of whether or not the relator was a non-resident of the state was a question of fact to be decided by the trial court.

It would seem from the application herein that relator urged upon the trial court that service by publication under condemnation proceedings is not authorized on a resident of Missouri.

There can be no doubt but that section 523.030 R. S. Mo. 1949, under Condemnation Proceedings, does provide for service by publication. The serious question here is whether or not there is any-

thing before this court by which we can determine whether or not relator is a resident of Missouri.

In State ex rel. Kurn et al. v. Wright, Judge, et al., Mo. Sup., 164 S. W. 2d, 300, 301, the court made this statement:

"Relators have moved that the provisional rule be made absolute because of the failure of the plaintiffs below to comply with the aforesaid order directing a deposit to be applied on the costs. Coupled with this is another ground arising out of facts which are not before us otherwise than as alleged in the motion. As such allegations do not prove themselves, we are not at liberty to inquire into the merits of the latter proposition."

On page 302 of the opinion the court makes this statement of law:

"* * * If that issue be regarded as one of fact, then the applicable principle is that, if the existence or non-existence of jurisdiction depends upon contested facts which the inferior tribunal is competent to determine, prohibition will not lie. State ex rel. Emory v. Porterfield, 211 Mo. App., 499, 244 S. W. 966; State ex rel. Finch v. Duncan, 195 Mo. App., 541, 193 S. W. 950. If, on the other hand, the issue be regarded either as one of law or a mixed question of law and fact, the same result follows because the circuit court has jurisdiction in the first instance to determine the legal effect of the orders of the federal court pleaded by said plaintiffs. That it may reach an erroneous conclusion in construing and applying them to the facts is not sufficient ground for interference by prohibition.

In the condemnation suit relator's application pleads that the request made for service by publication on relator contained the allegations that relator was a non-resident. It was the duty of the trial judge to determine whether or not the special proceedings under the condemnation statute, which provides for service by publication, was complied with. That was a question of fact for the trial court and we, under the application in this case, are not informed that the trial court committed error in making such findings of fact. State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, Mo. Sup., 56 S. W. 2d 28; State ex rel. Schlueter Mfg. Co. v. Beck, Mo. Sup., 85 S. W. 2d 1026.

The last cited case lays down the following rule of law on page 1033 of the opinion:

"* * * The presumption is in favor of the right action of the trial court. The burden is on the relator to show that the respondent lacked jurisdiction or exceeded his jurisdiction. In the absence of a sufficient showing on this point in the relator's petition for our writ and in view of the respondent's demurrer thereto, we must hold with the respondent that the order was not unconstitutional as authorizing an unreasonable seizure of its property." State ex rel. Cummings et al. v. Witthaus, Mo. Sup., 219 S. W. 2d 383.

We hold that the burden was upon relator to show that defendant was a resident of Missouri; that this was a question of fact before the trial court in determining the validity of the service upon relator by publication as required by section 523.030 R. S. Mo. 1949, under Condemnation Proceedings. That relator has failed to show that the trial court's judgment was wrong and, for that reason, this provisional rule for prohibition must be discharged.

Under the second issue raised in this case whether substituted service by mail is authorized by law in condemnation proceedings we, likewise, hold that the provisional rule must be discharged. It is the contention of relator that in condemnation proceedings where, as in this case, the defendant is absent by reason of being in the armed services, there is no way under the law to get service on him in condemnation proceedings.

In Board of Regents v. Palmer, supra, on page 293, our Supreme Court stated the law thus:

"* * * 'The power of eminent domain does not depend for its existence on a specific grant in the Constitution. It is inherent in sovereignty and exists in a sovereign state without any recognition thereof in the Constitution.' * * * The right to exercise the power, or to authorize its exercise, is wholly a legislative function. State ex rel. Highway Commission v. Gordon, 327 Mo. 160, 163, 36 S. W. 2d 105, 106. * * *"

There can be no doubt that the legislative branch of the government had the right to authorize the exercise of the sovereign power of eminent domain and to provide the method for such exercise. The law is that the method provided by the legislature is a special method and that the civil code does not apply to such procedure unless so provided by the legislature. We agree with the contention of relator that the action of the legislature must be strictly construed in determining relator's rights in condemnation proceedings. In examining the law we find that the legislature, section 523.020 R. S. Mo. 1949, provided for substituted service by publication. We quote that part of the section making such provision:

"* * * If the name or residence of the owner be unknown, or if the owners, or any of them, do not reside within the state, "notice of the time of hearing the petition, reciting the substance of the petition and the day fixed for the hearing thereof, shall be given by publication for three weeks consecutively, prior to the time of hearing the petition, in a newspaper published in the county in which the proceedings are pending, * * *"

Now if this were the only act passed by the legislature relating to the manner of service in condemnation proceedings we would hold that service by mail, as had herein, would not be authorized.

Section 506.160 R. S. Mo. 1949, under the Civil Code, which provides for service by mail or publication reads as follows:

"Service by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court, or in any special proceedings in which notice by mail or by publication is authorized, including but not limited to actions to quiet title and actions to ascertain and determine title to real estate.   *   *   *''

We call attention to the statement of this section of the statute which says, ''Service by mail   *   *   *   shall be allowed   *   *   *   in any special proceedings in which notice by mail or by publication is authorized.''.

Condemnation proceedings is a special proceeding and the legislature specifically provided in section 523.030 R. S. Mo. 1949 for service by publication. The service by mail obtained in the condemnation proceeding herein was an additional method of service authorized by section 506.160 R. S. Mo. 1949.

29 C. J. S. p. 1127, Sec. 209 states the law thus:

"Condemnation proceedings are statutory proceedings allowed and required to be taken in the exercise of the power of eminent domain, so that the title to property needed for a public use may be divested from the owner regardless of his consent. They rest solely on constitutional or legislative provisions and are exclusively a product of the legislative and judicial systems of the United States,   *   *   *

"In their nature, condemnation proceedings are sui generis. They do not involve a tort, and are neither criminal prosecutions nor, strictly speaking, civil actions or suits, although they constitute a case, and in a liberal sense may be regarded as a suit, neither are they civil process within the meaning of statutes relating to civil process. They are special proceedings, adversary in their nature, ordinarily conducted by a temporary tribunal selected for the occasion, and subject to judicial review and supervision.   *   *   *

"While condemnation proceedings have been held to be summary in their nature, inquisitorial in character, and largely administrative, yet generally the proceedings are judicial and involve the exercise of judicial power. Under most of the statutes such proceedings are essentially proceedings in rem, and bind all persons interested in the rem, although not technically parties to the proceeding.''

Milwaukee Light, Heat & Traction Company v. Ela Company, cited in 27 L. R. A. N.S. 1910, at page 567, holds that a condemnation proceeding is a special procedure and not an action. Jahr, Eminent Domain, Sec. 184.

In State v. Kirkwood, Mo. Sup., 239 S. W. 2d 332, 336, the court defines a special proceeding as follows:

"* * * Generally, a special proceeding includes every special statutory remedy or proceeding which is not in itself an *action*. Proceedings which do not come within the legal concept of an *action* but have their origin in a statute are special proceedings. The distinction between an 'action' and a 'special proceeding' is well recognized in law and the two terms are not interchangeable. * * * "

In Caruthersville School Dist. No. 18 v. Latshaw, Mo. Sup., 233 S. W. 2d 6, 10, the Supreme Court said:

"There is no specific requirement in the statute that the court enter of record in the proceedings a finding as to the existence of the jurisdictional fact. No formal judgment or decree of condemnation was necessary to vest respondents with title to the land appropriated. Accordingly, it is of no importance that the so called 'Final Judgment in Condemnation' did not contain a finding that the parties were unable to agree "upon a price." See cases cited therein.

It will be noted that the special statute on condemnation provides that when a petition is properly filed and service had the court appoints commissioners to view the land and appraise the value thereof and report the same back to the court and that when such reported value is paid into court that the easement or title to the private property is fully acquired by the condemnor though there is no final judgment. The only action that really could be had is when exceptions are filed to the award of damages. The court said in the above opinion:

" 'The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation, the title passes by operation of law. * * *' " Bowzer v. State Highway Commission, Mo. Sup., 170 S. W. 2d 399.

Supreme Court Rule 3.02 (c) provides:

"Special civil procedure statutes, not a part of the 'Civil Code', * * * which state a particular manner or time within which a procedural act shall be performed, shall not be deemed supplanted by corresponding provisions of the Civil Code, but the provisions of the special procedural statute shall be followed, and this notwithstanding that the time within which a particular procedural act shall be performed is measured by terms of court or otherwise."

The service had on relator in the case at bar by publication followed the special procedure provided for condemnation proceedings. Likewise, the substituted service by mail complied with the time and manner required by such special statute.

State v. Kirkwood, supra, held that section 506.160 R. S. Mo. 1949 does create an additional method of service. Under Supreme Court Rule 3.02 this additional method of service authorized in special procedural statutes does not supplant the special procedural method of

service but is an additional or accumulative method to get service. We agree with respondent that section 506.160 R. S. Mo. 1949 does not have anything to do with when an answer shall be filed or the period of notice to be given. That is controlled by the special statutes relating to condemnation. Section 506.160 R. S. Mo. 1949 merely provides an additional method of giving notice.

Carr's Missouri Civil Procedure, Vol. 1, p. 296 states the law:

"It is submitted that Code Sec. 28 within the broad scope of its provisions, should be construed as providing additional methods of service."

It is the order of this court that the provisional rule heretofore issued be discharged. *Blair, J.,* concurs.