STATE of Missouri, Respondent,

v.

Harry L. GOODBAR et al., Appellants.

No. 45404.

Supreme Court of Missouri,

Division No. 2.

Jan. 14, 1957.

**526**

Lauf, Bond & Dominique, John O. Bond, Jefferson City, for appellants.

John M. Dalton, Atty. Gen., of Missouri, Harry H. Kay, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

It is sought in this proceeding to escheat to the State of Missouri $933,000 in unclaimed cash and securities now in the registry of the United States District Court for the Western District of Missouri. Beginning in 1930 the United States District Court impounded and administered a part of the excess premiums illegally collected by 117 insurance companies then doing business in Missouri. American Ins. Co. v. Lucas, D.C., 38 F.Supp. 896; American Ins. Co. v. Lucas, D.C., 38 F.Supp. 926; American Ins. Co. v. Scheufler, 8 Cir., 129 F.2d 143. As far as he was able, the court's custodian distributed the original fund of over $10,000,000 in excess premiums to policyholders. The sum of $933,000 represents the balance which he was unable to restore to the rightful owners and he has now returned the unadministered balance into the registry of the court and has been discharged. The court made two orders of distribution; under the first order the average check to policyholders was under the sum of one dollar and under the second order the average check was two to three dollars. There were hundreds if not thousands of policyholders and for more than five years the custodian attempted to locate and deliver checks to those who had paid the premiums but he was unable to find many and others received but failed to cash the checks.

Pursuant to Chapter 470 of the Revised Statutes of Missouri, V.A.M.S., particularly Sections 470.270 to 470.350, the attorney general instituted separate proceedings in the Circuit Court of Cole County against the 117 insurance companies and a number of representative policyholders to escheat the unclaimed funds to the State of Missouri. There was service of process, V.A.M.S., § 470.300, an entry of appearance and an answer by the registrar, the Clerk of the United States District Court, who, upon motion, was subsequently dropped as a party to the action. The individual defendants are selected groups of policyholders, formerly from different sections of the state, whose whereabouts are now unknown. Some of the named individual defendants were chosen from those entitled to receive checks under the 1936 order of distribution and others were chosen from those entitled to receive checks under the 1944 order of distribution, and some were selected from groups whose checks were returned to the custodian and others were chosen from lists of those whose checks were not returned but had not been cashed since either 1936 or 1944. By reason of the exceedingly large number of individuals entitled to the fund the selected groups were treated as representatives of a class and service of process on the individ-

ual defendants was had by publication. V.A.M.S. § 470.320. Thereafter, the Circuit Court of Cole County appointed Honorable John O. Bond counsel for the individual defendants and, on their behalf, Mr. Bond timely filed motions to dismiss the proceedings and answers in which he challenged the jurisdiction of the court and the constitutionality of the escheat statutes. No individual defendant appeared or made claim to his share of the fund. After hearing the state's evidence with respect to the fund and its administration and the diligent effort of the custodian to find the individual policyholders, the circuit court decreed that the fund escheat to the State of Missouri. On behalf of the individual defendants Mr. Bond has appealed to this court and, for appellate purposes, the 117 cases have been consolidated.

It is Mr. Bond's position that the unknown defendants were not "lawfully notified to defend" the actions and therefore the decree of escheat deprives them of their property without due process of law. U.S. Const. Amend. XIV; Const.Mo. Art. 1, § 10, V.A.M.S. The essence of the argument is that the order of publication did not meet the requirements of due process in that it failed "to advise the defendants to file an answer in said court to protect their rights to the funds in custody of the district court." It is urged that the order, in failing to notify the defendants to "file an answer" and thereby avoid a default judgment, has permitted the appropriation of their property "without defendants having been advised as to the legal procedure they should take." The general publication statute requires, among numerous other things, that the notice state "that unless said named defendant or defendants file an answer or other pleading or shall otherwise appear and defend against the petition within forty-five days", V.A.M.S. § 506.160, therefore, it is said that the escheat provision relating to publication in failing to make the same requirement violates due process. It is urged, since the general statute requires the fact to be stated, that

it was not the intention of the General Assembly to omit the requirement in the escheat statutes. Because the published notice did not contain the recital it is urged that the circuit court did not acquire jurisdiction of the person of the defendants and therefore its judgment of escheat is void.

 Because of their inferential bearing upon the precise question it is first necessary to make certain preliminary observations and distinctions. Neither the registrar nor any agency of the United States objects to the proceeding and the unclaimed fund in the registry of the United States District Court is subject, in a proper proceeding, to being escheated to the State of Missouri. United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L. Ed. 840; In re Moneys Deposited In U. S. District Court, D.C., 41 F.Supp. 792; Application of People of State of New York, D.C., 138 F.Supp. 661. As to the numerous individual defendants this is a bona fide class action and no other method of procedure is either appropriate or practicable. Compare: Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22. The statute expressly confers jurisdiction upon the Circuit Court of Cole County to determine "if an escheat has occurred" with respect to money in the custody of "any United States court." V.A.M.S. § 470.280. The unclaimed premiums, collected in Missouri and now in the registry of the United States District Court, constitute a fund or a res and authorize service of process by publication upon nonresident and unknown defendants. St. Louis Southwestern Ry. Co. v. Meyer, 364 Mo. 1057, 1069, 272 S.W. 2d 249, 252–253, 46 A.L.R.2d 964; Standard Oil Company v. State of New Jersey, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078. We need not determine whether the action is in rem or in personam; the fund is property over which the state has some dominion and the primary object of the proceeding is to seize or, more precisely, escheat the fund to the State of Missouri. Security Savings Bank v. People of State of California, 263 U.S. 282, 44 S.Ct. 108,

68 L.Ed. 301. There was personal service of process upon the registrar and so there was a seizure of the res. Standard Oil Co. v. State of New Jersey, supra; Anderson National Bank v. Luckett, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692; annotation 94 L. Ed. 18. The state did not seek and the court did not enter a personal or general judgment against any individual defendant, the judgment is that the funds "be and the same are hereby escheated to the State of Missouri * * * subject to such claims as may be legally established against them in accordance with the statutes in such cases made and provided." Compare the leading case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The decree of escheat and the payment of the money into the state treasury are not conclusive, "within two years," against anyone justly entitled to any part of the fund. V.A.M.S. § 470.330. Of course, all these matters presuppose that the process by which the court acquired jurisdiction of the individual defendants met the requirements of due process. Pennoyer v. Neff, supra; State ex rel. Deems v. Holtcamp, 245 Mo. 655, 151 S.W. 153; Ohlmann v. Clarkson Sawmill Co., 222 Mo. 62, 120 S.W. 1155, 28 L.R.A.,N.S., 432.

■ As indicated, the circumstances of this proceeding made service by publication an appropriate method of notifying the unknown individual defendants or their class representatives of the pendency of the action. As to service of process, whatever its form, the essence of due process is notice of the pendency of the action and an opportunity to be heard. Standard Oil Co. v. State of New Jersey, supra. Due process does not require notice that some particular step must be taken or that certain procedure be followed; the opportunity afforded is to make a choice of whether to "appear or default, acquiesce or contest." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. It is not claimed that the published notice did not contain the matters usually set forth in notices by publication (19 Am.Jur., Sec. 38, p. 403; 72 C.J.S., Process, §§ 65, 69, pp. 1093, 1098; annotation 21 A.L.R.2d 929), and neither is it claimed that it did not strictly comply in every detail with the statute under which the action was instituted and prosecuted. V.A.M.S. § 470.320. The sole objection is that the notice did not specifically advise the defendants to file an answer. There is such a requirement in the publication statute governing civil actions in general, V.A.M.S. § 506.160, but the general statute is not applicable to this special statutory proceeding. Sup.Ct.Rule 3.02(c), 42 V.A. M.S.; State ex rel. Fugatt v. Hawkins, 241 Mo.App. 640, 264 S.W.2d 387; Mengwasser v. Tackitt, Mo.App., 280 S.W.2d 433. Since there is but the one objection it is not necessary to set forth the published notice and demonstrate that it literally met the requirements of the statute in every detail, including a notice to "appear and defend said action"; it is sufficient to say that it did not violate the requirements of due process, thereby depriving the court of its jurisdiction, merely because it did not contain the additional advice or admonition to file an answer. Mullane v. Central Hanover Bank & Trust Co., supra; Security Savings Bank v. People of State of California, supra; Standard Oil Co. v. State of New Jersey, supra; Anderson Nat. Bank v. Luckett, supra; Hamilton v. Brown, 161 U.S. 256, 16 S.Ct. 585, 40 L.Ed. 691 and the annotations 40 L.Ed. 691; 94 L.Ed. 18; 95 L.Ed. 1092; 48 A.L.R. 1342. Accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.