McBRIDE & SON BUILDERS, INC., a
corporation, Plaintiff-Appellant,

v.

UNION ELECTRIC COMPANY,
Defendant-Respondent,

and

Missouri Public Service Commission,
Intervenor-Respondent.

No. 58506.

Supreme Court of Missouri,
Division No. 1.

Aug. 5, 1975.

David G. Dempsey, Shifrin, Treiman, Bamburg & Dempsey, Clayton, for plaintiff-appellant.

Leland B. Curtis, Commission Counsel, David L. Smith, Asst. Commission Counsel, Jefferson City, for Missouri Public Service Commission.

LAURANCE M. HYDE, Special Commissioner.

Action for declaratory judgment by plaintiff against the Union Electric Company to require it to pay certain allowances it had offered to make to plaintiff building all electric homes. The Missouri Public Service Commission intervened in the trial court and filed answer because it had prohibited Union Electric from making additional payments plaintiff claimed it had a right to receive. The court found "in favor of the defendants and against the plaintiff"; and plaintiff has appealed. We affirm.

Plaintiff, building homes in St. Louis County, alleged it had on January 7, 1971 entered into an agreement with defendant Union Electric Company by which Union Electric agreed to pay plaintiff certain promotional allowances for the construction of 258 homes and that Union Electric made the payments for 54 homes built in 1971 but refused to pay for any others on the ground that General Order No. 51 of the Public Service Commission prohibited such payments. Plaintiff sought a judgment declaring Union Electric was obligated to pay the stated allowances for 204 additional houses.

Plaintiff alleged that the Commission's General Order No. 51 was illegal and void being contrary to the provisions of Art. I, § 10 U.S.Const. and Art. I, § 13 Mo. Const., V.A.M.S. and denying plaintiff due process of law in violation of the 14th Amendment to U.S.Const. and Art. I, § 10 Mo.Const. In the trial court, Union Electric admitted liability to plaintiff under its contract but stated as a defense that it was prohibited from making payments by General Order No. 51. Defendant, Union Electric, has filed no brief; but the Public Service Commission has filed a respondent's brief. However, see *Union Electric Co. v. Clark*, 511 S.W.2d 822 (Mo.1974), holding a utility could not bring a declaratory judgment action for review of an order of the Commission as Union Electric attempted to do.

Plaintiff claims on both statutory and constitutional grounds that the Commission could not adopt General Order No. 51 without a hearing, saying its effect was to deprive both plaintiff and Union Electric of valuable property rights citing *Blydenburg v. David*, 413 S.W.2d 284 (Mo. banc 1967); *State v. Goodbar*, 297 S.W.2d 525, 528[5] (Mo.1957); *Morgan v. United States*, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938);

*Parker v. Lester*, 227 F.2d 708, 716 (9th Cir. 1955). Plaintiff also cites Art. V, § 22 Mo.Const. saying the right to judicial review of all final decisions of administrative agencies is a constitutional right. The Commission says plaintiff's brief is not based on Exhibit C which later amended original General Order No. 51 and included a new Section 10 to conform to a stay order issued by the Circuit Court of Cole County. This amended order was adopted after Union Electric had filed an Application for Rehearing, Reconsideration or Amendment of the Original Order No. 51 and the Kansas City Power and Light Company had filed for a writ of review in Circuit Court of Cole County.

Exhibit C was adopted September 15, 1972 (the original order was adopted June 28, 1971). Union Electric and plaintiff herein had on November 5, 1971 filed with the Commission a joint application asking approval of the Commission to fulfill commitments for promotional practices under their contract made before the original 1971 order of the Commission. The Commission authorized such payments to plaintiff for the 54 homes plaintiff had built in 1971.

As a constitutional ground for reversal plaintiff also contends that it had vested rights under its contract with Union Electric which the State could not impair, citing *Coombes v. Getz*, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932). In that case it was held that the repeal of a state constitutional provision making corporate directors responsible for an officer's defalcations did not affect the right of a creditor in respect to a claim arising before the repeal. The court said: "[U]pon the facts here disclosed, a contractual obligation arose; and the right to enforce it, having become vested, comes within the protection of both the contract impairment clause in art. 1, § 10, and the due process of law clause in the Fourteenth Amendment, of the federal Constitution." However, in that case the defalcations involved had occurred before the repeal of the constitutional provision relied on, the repeal being while the case

was in the California Supreme Court on appeal. As we have noted, the Commission permitted plaintiff to be paid the agreed allowances on all the homes it had built in 1971, the year the original order prohibiting such practices was made.

Plaintiff's main contentions are on statutory grounds, namely that General Order No. 51 was a nullity because it was adopted without a hearing which plaintiff claims was required by subsection 5 of § 393.140, RSMo 1969, V.A.M.S. Plaintiff cites cases not involving the Public Service Commission such as *Liechty v. Kansas City Bridge Co.*, 162 S.W.2d 275 (Mo.1942); *Retirement Board v. Kansas City*, 224 S.W.2d 623 (Mo. App.1949); *Haake v. Union Bank & Trust Co.*, 54 S.W.2d 459 (Mo.App.1932); *McCoy v. Briegel*, 305 S.W.2d 29 (Mo.App.1957); *State v. Goodbar*, 297 S.W.2d 525 (Mo.1957); *Walker v. Huddleston*, 261 S.W.2d 502 (Mo. App.1953). Plaintiff cites these cases as holding a judgment is void if the court rendering it did not have jurisdiction of the subject matter. Plaintiff's argument is as follows: "Subsection 11 does not require a notice or hearing because the rates, regulations and contracts of the various utilities are established thereunder by simply filing them with the Commission and publication thereof, subject to the power of the Commission under subsection 5 to declare such rates, regulations or contracts unjust, unreasonable or discriminatory. In other words, under subsection 11 the primary function of the Commission is administrative, i. e., to receive and file the tariffs prepared by the utility companies. The rule making power granted by subsection 11 is, therefore, necessarily limited to the adoption of such regulations as will assure the proper filing of tariffs by the utility companies in a form approved by the Commission, the timely and proper publication of notice thereof, and such other regulations that will assist the Commission in establishing whether any utility thereafter has failed to follow the tariffs so established. But if the Commission makes an initial determination that a proposed rate,

regulation, or contract of a utility company is unjust, unreasonable or discriminatory, it must then assume the quasi-judicial powers granted it by subsection 5 of the statute by holding a public hearing, giving notice thereof to all parties concerned, and making a formal determination on a record which is subject to judicial review. Thus construed, subsections 5 and 11 are not repugnant or redundant but mutually complementary thereby giving full force and effect to both." However, our conclusion for the reasons we state is that the Commission did have jurisdiction to make General Order No. 51 under which Union Electric on joint application with plaintiff got authority to make payments on the houses plaintiff had built in 1971.

Section 393.140(1) provides for the Commission to "[h]ave general supervision of all gas corporations, electrical corporations, water corporations and sewer corporations." Subsections (2), (3) and (4) state powers of the Commission to investigate, fix standards and prescribe methods of keeping records. Subsection (5) provides for the Commission to "keep informed as to the methods, practices, regulations and property employed" by persons and corporations under its jurisdiction. It then provides if the Commission "shall be of the opinion, after a hearing had upon its own motion or upon complaint, that the rates or charges or the acts or regulations of any such persons or corporations are unjust, unreasonable, unjustly discriminatory or unduly preferential or in any wise in violation of any provision of law" then the Commission shall prescribe the rates, service and acts to be done.

Subsection (11) of § 393.140 requires all electrical corporations to file with the Commission its rates and charges, its forms of contract, its rules and regulations relating to rates and all general privileges and facilities, which shall not be changed without notice to the Commission. It also prohibits any corporation to "refund or remit in any manner or by any device any portion of the rates or charges" specified. It further gives the Commission "power to establish such rules and regulations, to carry into effect the provisions of this subdivision, as it may deem necessary, and to modify and amend such rules or regulations from time to time." There is no requirement in subsection (11) for a hearing before adoption of such rules and regulations by the Commission. It would seem to be a reasonable interpretation of subsection (5) that it is primarily intended to authorize determination of improper conduct such as charging unjust, unreasonable or unlawful rates or engaging in discriminatory conduct, while subsection (11) is primarily concerned with rule making, and prohibiting any form of contract or agreement except such as are regularly and uniformly extended to all persons and corporations under like circumstances. The Commission has authority to make rules for that purpose. It is said: "Most general administrative procedure legislation avoids the requirement of hearings for rule making." Davis, Administrative Law Treatise, § 6.04.

As previously noted, on joint application with Union Electric plaintiff received the agreed payments on all the homes it had built in 1971. Union Electric did not appeal from the order of the Commission adopting original General Order No. 51 in 1971, or from the order adopting modified General Order No. 51 in 1972 or the ruling of the Circuit Court of Cole County that the General Order "was lawfully and properly adopted and that said General Order No. 51 is not unlawful or arbitrary." Instead, as above stated, Union Electric brought a declaratory judgment action which as noted this court held it could not maintain. Plaintiff also by this action sought a declaratory judgment against Union Electric declaring Union Electric was obligated to make the agreed payments "as to the balance of two hundred four (204) homes *to be constructed* by plaintiff." (Emphasis ours.)

The Commission makes the further contentions with which we agree:

First, this declaratory judgment action (as did the one brought by Union Electric) constitutes a collateral attack on General Order No. 51, in violation of § 386.550, RSMo 1969, V.A.M.S., which states: "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive." As noted there was no appeal from the Commission's order adopting General Order No. 51. Instead Union Electric and plaintiff made a joint application for payments to be made, which was granted for all the houses built in 1971.

Second: General Order No. 51 was promulgated in total compliance with statutory requisites and plaintiff was not denied due process by its enactment. The Commission's order of January 14, 1971 which first proposed adoption of General Order No. 51 authorized each gas and electric utility and all other interested parties to present written comments pertaining to said proposed rule within 90 days. Instead plaintiff as well as Union Electric have sought to nullify it by declaratory judgment actions.

Third: In *State ex rel. Cirese v. Ridge*, 138 S.W.2d 1012, 1015 (Mo. banc 1940), we said: "[W]e have consistently adhered to the rule that matters within the jurisdiction of the commission must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy." Plaintiff made no application to the Commission for a variance from General Order No. 51 but sought payments authorized by it.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

HOLMAN, P. J., and SEILER and BARDGETT, JJ., concur.

DONNELLY, J., not a member of Division when cause was submitted.