STATE ex rel. Allan R. HOFFMAN and Sun Swept Apartment Company, Relators-Appellants,

v.

PUBLIC SERVICE COMMISSION of Missouri, Respondent,

Laclede Gas Company, Intervenor-Respondent.

No. KCD 28766.

Missouri Court of Appeals, Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer Denied May 2, 1977.

Application to Transfer Denied June 14, 1977.

Dominic Trioiani, Mark T. Keaney, St. Louis, for relators-appellants.

Leland B. Curtis, Byron E. Francis, Missouri Public Service Commission, Jefferson City, for respondent.

Richard L. Eckhart, St. Louis, for intervenor-respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Allan Hoffman and Sun Swept Apartment Company appeal an order of the circuit court affirming an order of the Public Service Commission in which Hoffman and Sun Swept were denied a variance from General Order No. 51. General Order No. 51 prohibits payments by utilities for promotional purposes.

On this appeal Hoffman contends the Commission's order denying the variance is not supported by competent and substantial evidence and is unreasonable. Reversed.

This is the second appeal in this litigation. The first appeal was *State ex rel. Hoffman v. Public Service Commission,* 530 S.W.2d 434 (Mo.App.1975). In that case Hoffman appealed the denial by the Commission of his application for a variance under Order No. 51. The circuit court held the provision for a variance adopted by the Commission was invalid because it required the Commission to determine the validity of contracts when the Commission is prohibited from declaring or enforcing any principle of law or equity. On appeal this court held the exception contained in Amended Order No. 51 providing for certain promotional contracts to be fulfilled was valid. This court held the Commission was entitled to formulate a rule which employed the use of legal terms and could apply the "undisputed legal terms" to "raw facts" to make the necessary administrative finding of whether or not a variance should be granted. 530 S.W.2d 439, 440. This court remanded the case to the circuit court in order to review the Commission's order to determine if it were reasonable and supported by substantial and competent evidence.

The Commission adopted the original Order No. 51 on July 8, 1971, and on September 15, 1972, adopted General Order No. 51

as amended. This order prohibited utilities from making promotional payments. The amended order contains the following exception:

"Notwithstanding the provisions of paragraphs (1) and (2), the Commission does hereby authorize until November 1, 1972, the filing of applications praying that certain promotional payments which are otherwise prohibited under the provisions of this rule, be permitted, on a proper showing, in verified form, that Applicant would otherwise suffer a substantial legal detriment, and on further finding by the Commission that said detriment occurred pursuant to a legally binding and enforceable contract entered into prior to July 8, 1971."

On April 16, 1971, Laclede made an offer to make promotional payments for the apartment complex being built by Hoffman. This offer stipulated the payments would be made if each apartment unit had individual gas meters; was equipped with gas ranges with an automatic ignition; had an automatic gas heating system and automatic gas water heater and if there were no 240 volt (3-wire) electric outlets in any kitchen or laundry area. The offer also contained the proviso that all laundry equipment was to be gas. Further, the project signs and other advertising media employed to advertise the apartment project was to make mention of "All Gas Blue Star Apartments" and feature the Laclede Gas logo. The offer provided Laclede would pay Hoffman $30,000 for the 200 unit apartment complex. In addition, Laclede was to pay a percentage of the advertising costs and was to participate in the cost of installing gas lamps on the exterior.

Upon receipt of this offer an acceptance was signed and thereafter construction started on the apartment complex. Under this agreement, Laclede had paid Hoffman $9,000 when the Commission adopted its original General Order No. 51. Thereafter, the amended order was adopted which contained the exceptions set out above. The Commission stated it would receive applications for a variance from General Order No. 51 under the exception until November 1, 1972. Hoffman's application for a variance was filed on July 6, 1972, and the Commission heard evidence in support thereof.

Hoffman testified he began construction of his apartment units in 1971, and by April, 1972, had progressed to a point that he could not change from an all gas project. He stated all of the gas lines had been installed and all of his signs advertising the project had been erected showing the all gas nature of the apartments.

Hoffman further testified he had planned his entire project based on his agreement with Laclede and his financing depended on the receipt of the balance due from Laclede. Hoffman stated if he did not receive the balance of $21,000, plus $700 on the gas lights, and $1,000 on advertising from Laclede, he would have to raise this amount from other sources.

Laclede appeared at the hearing on Hoffman's application for a variance. All parties agreed a valid agreement existed between Hoffman and Laclede and further that Hoffman was entitled to recover the balance due of $22,700 from Laclede unless Laclede was prohibited from paying by the Commission. In its findings of fact, the Commission found Laclede had sent a letter on April 16, 1971, making an offer of a bonus of $30,000. The Commission found under this offer Hoffman was not required to actually construct the project. It further found Hoffman had used more expensive appliances in the project than he would have without the agreement with Laclede. The Commission found he could have changed to less expensive appliances. The decision to proceed with the more costly appliances was a business judgment made by Hoffman, according to the Commission's findings.

The Commission concluded "there was no legally binding and enforceable contract entered into prior to July 8, 1971, which would cause applicant (Hoffman) to suffer substantial legal detriment if not paid the promotional allowances." The Commission,

with one dissent, then concluded Hoffman had not met the requirements of the exception in Amended Order No. 51, and was not entitled to receive the balance of payments from Laclede.

■ Under *State ex rel. Hoffman v. Public Service Commission*, 530 S.W.2d 434 (Mo. App.1975) and *McBride & Son Builders, v. Union Elec. Co.*, 526 S.W.2d 310 (Mo.1975) it is clear the Commission had the power to determine whether or not Hoffman met the requirements of the exception to be entitled to receive the balance of the promotional payments.

■ On this appeal the duty of this court is to review the order of the Commission to determine if such order is supported by competent and substantial evidence upon the whole record and is reasonable. *State ex rel. Chicago, Rock Island, and Pacific Railroad v. Public Service Commission*, 312 S.W.2d 791, 796 (Mo.banc 1958).

■ In the Commission's brief its counsel states the Commission found the existence of a legally binding and enforceable contract between Hoffman and Laclede and found that Hoffman would suffer a substantial legal detriment; however, counsel states the detriment does not flow from the contract. This, counsel states, follows from the fact the agreement between Hoffman and Laclede did not *require* Hoffman to actually construct an apartment project. Since the contract did not require Hoffman to construct the apartments, Hoffman was free under this agreement not to construct the apartments. Therefore, the argument concludes, if Hoffman was not required to construct the apartments, he could not suffer any legal detriment pursuant to the contract by reason of Laclede being prevented by the Commission from making payment under the contract.

The evidence would only support a finding that a legally binding contract existed and the failure of Laclede to pay Hoffman would constitute a substantial legal detriment. The only question to be resolved is

the Commission's argument that the detriment did not flow from the contract.

In making its finding and order, the Commission overlooked the rule adopted in *Downey v. United Weather Proofing*, 363 Mo. 852, 253 S.W.2d 976, 980[5] (1953):

"The right to perform a contract and to reap the profits therefrom, and the right to performance by the other party, are property rights entitling each party to the fulfillment of the contract by performance."

In this case the contract between Laclede and Hoffman was of the type commonly referred to as a unilateral contract. The offer was made by Laclede and the acceptance by Hoffman consisted of his performance. Hoffman had a valid contract and had the right to perform and to reap the profits therefrom. This in and of itself constituted a property right. Thus, even if it can be said the agreement did not obligate Hoffman to actually construct his apartment project, still the existence of the contract gave him the right to perform and to receive the profits therefrom. To give up this right to perform and to receive the profits would be a substantial legal detriment.

However, Hoffman had progressed beyond the point of having a contract right to perform and thereby receive its profits. In this case he had substantially performed under the agreement and this would prohibit Laclede from withdrawing its offer. *Coffman Industries, Inc. v. Gorman-Taber Co.*, 521 S.W.2d 763, 772 (Mo.App.1975).

Thus, Hoffman acquired a right to perform his agreement as soon as it was made, and by substantial performance had obtained the right to prevent Laclede from withdrawing its offer. In this posture, to deny Hoffman the profits of his contract would certainly result in a substantial legal detriment which would flow *from* the contract. Indeed the only loss Hoffman could suffer would arise out of and by reason of the contract.

All of the evidence before the Commission would only support a finding that

Hoffman had a legally binding and enforceable contract with Laclede which was entered into prior to July 8, 1971, and that Hoffman would suffer a substantial legal detriment if payments under the contract were prohibited. The finding of the Commission that Hoffman did not suffer a substantial legal detriment pursuant to the contract is not supported by the evidence.

The judgment of the circuit court is reversed with instruction to remand this cause to the Public Service Commission with instructions to the Commission to enter its order allowing Laclede to pay the balance due Hoffman of $22,700 under the contract between those parties.

All concur.