Dear Mr. Frappier:
This is in response to an opinion request of your predecessor asking the following question:
 Does the Environmental Improvement Authority, by virtue of Chapter 260, RSMo 1978, or otherwise, possess powers of eminent domain?
The request comes from an interest stemming from the new hazardous waste bill, Conference Committee Substitute for House Bills Nos. 5, 6, and 4, Second Extraordinary Session of the 80th General Assembly. The request asks whether the Environmental Improvement Authority can condemn the appropriate waste disposal site most desirable for the disposal of hazardous waste.
The power of eminent domain is inherent in sovereign, but the exercise of such power is not inherent in a state agency or any board such as the Environmental Improvement Authority. Board ofRegents for Northeast Missouri State Teachers College v. Palmer,356 Mo. 946, 204 S.W.2d 291 (1947). See also, 29A C.J.S. EminentDomain § 21. Clearly, the state legislature has the right to grant the authority to condemn property to the Environmental Improvement Authority. The question is whether such authority has been given either impliedly or expressly. 29A C.J.S. Eminent Domain § 22.
We have reviewed the powers of the Environmental Improvement Authority under § 260.035. This section indicates an ability to acquire either projects or real property or establish a hazardous waste facility. We note a complete absence of any express authority to condemn property. We compare this to the legislative delegation of powers to the Land Clearance for Redevelopment Authority as expressed in § 99.420(4), RSMo 1978. Therein the legislature expressly granted the power of eminent domain in connection with the acquiring of real or personal property or any interest therein including fee simple absolute title. Thus, the expression in § 260.035(9) to acquire by gift or purchase, hold and dispose of real and personal property in the exercise of its powers and performance of its duties appears to merit the application of the doctrine of expressiounius est exclusio alterius, the expression of one is the exclusion of the other. Wherein the legislature has expressly permitted acquisition by gift or purchase and has failed to state or make any reference to the power of eminent domain, it is clear to us that the Environmental Improvement Authority has no power of condemnation.
It is, therefore, our view that the Environmental Improvement Authority does not possess the power of eminent domain.
Yours very truly,
 JOHN ASHCROFT Attorney General