# EX PARTE INDIANA TRANSPORTATION COMPANY, PETITIONER.

### PETITION FOR WRIT OF PROHIBITION.

No. 25, Original.   Motion for permission to intervene and to make return to rule to show cause. Submitted December 4, 1916.—Decided December 18, 1916.

In a proceeding in prohibition, wherein a District Judge had been ruled to show cause why the execution of an order should not be restrained for want of jurisdiction, a request was made on the return day, by the persons interested in upholding the order, that a return tendered by them be accepted as the return to the rule and that they be treated as the respondents. *Held*, that the judge is the essential party respondent and the request must therefore be denied.

No return having been made by the respondent on the return day, the time for his return is, under the circumstances, extended.

THE facts are stated in the opinion.

*Mr. Harry W. Standidge* on behalf of the moving parties.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

Speaking in a general sense, on the ground that in an admiralty cause pending in the District Court of the United States for the Northern District of Illinois, one of the judges of that court had, by an order which he was absolutely devoid of jurisdiction to make, permitted more than 270 persons to become co-libelants, an application by the defendant in the cause was made on the sixteenth day of October, 1916, for leave to file a petition for prohibition directed to the judge in question, to prevent the carrying out of the order. On the twenty-third of October

permission to file the petition for prohibition was granted and a rule to show cause was directed to be issued to the Honorable Kenesaw M. Landis, the judge by whom the order complained of was made. On the day upon which this rule was returnable, December 4, there was no response to the rule made on behalf of the respondent judge, but by oral motion a request was made on behalf of the parties who it was asserted had been mistakenly permitted to become co-libelants, that they be treated as the respondents to the rule and be permitted in that capacity to file a return to the rule, a copy of which return was prepared to be filed and presented for filing in case the permission asked was granted, and that request is the matter now before us for consideration.

We are of opinion, however, that the substitution of respondents asked for cannot be granted, since it is apparent that the judge who rendered the order and against whom the writ prayed for, if allowed, is to be directed, is the essential party respondent, however much when his return to the rule is made either by his authority or because of their interest in the result or as friends of the court, the persons to be adversely affected by the granting of the relief prayed may be heard to sustain the sufficiency of the return when that subject arises for consideration. We therefore transfer the date fixed for the return in the original rule to show cause from the fourth day of December, 1916, to the fifteenth day of January, 1917, in order to afford ample opportunity for the making by the respondent judge of the return which the original order calls for.

*And it is so ordered.*