STATE ex rel. WEBER J. EMORY, Relator, v. EDWARD E. PORTERFIELD, Judge, Respondent.

In the Kansas City Court of Appeals, November 6, 1922.

1. **JURISDICTION: Courts: Infants: Residence: Juvenile Court has no Jurisdiction Over Children Who are not Residents of, and Are not in, the County of the Court's Jurisdiction.** Under section 2592, Revised Statutes 1919, providing that Juvenile Courts may exercise their jurisdiction in their several counties and under this statute and the general principles of law, the Juvenile Court of one County has no jurisdiction over children before it who are not

residents of, and are not in, the county of the Juvenile Court's jurisdiction.

2. ———: Prohibition: Where Question of Jurisdiction Depends upon Contested Facts which Inferior Tribunal is Competent to Inquire into and Determine, Prohibition Will not be Granted. If the existence or nonexistence of jurisdiction depends upon contested facts which the inferior tribunal is competent to inquire into and determine, prohibition will not be granted.

3. PROHIBITION: Excess of Jurisdiction: Attempted Action of Court in Excess of, or Beyond its Jurisdiction, May be Prohibited. It is well settled that the attempted action of a court in excess of, or beyond its jurisdiction, may be prohibited.

ORIGINAL PROCEEDING IN PROHIBITION.

WRIT MADE ABSOLUTE.

    *J. P. Jackson* for relator.

    *W. B. Brown,* Assistant Prosecuting Attorney, for respondent.

    TRIMBLE, P. J.—This is an original proceeding in prohibition. Respondent is Judge of the circuit court of Jackson county, Missouri, and, as such, Judge of the juvenile court thereof. On August 2, 1922, upon a complaint filed, respondent as Juvenile Judge issued a summons commanding relator, Weber J. Emory, to appear before said Juvenile Judge in the juvenile court of Jackson county, Missouri, on August 4, 1922, bringing with him his two minor children Thelma Emory and Mildred Emory to be then and there dealt with as neglected minor children under the age of 17 years of Jackson County, Missouri.

    Upon being served with said summons, relator duly appeared in court, but without said children, and filed a motion to dismiss the proceeding for want of jurisdiction based upon the following grounds:

    1. That by a decree rendered by the circuit court of Clay county, Missouri, on June 17, 1921, divorcing relator, Weber J. Emory, from his wife Cleo T. Emory, relator was awarded the exclusive care, custody and con-

trol of said minor children. That said decree remains in force and wholly unmodified and is binding upon all parties to that proceeding wherein the wife, Cleo T. Emory, was plaintiff and relator Weber J. Emory was defendant.

2. That at the time of the filing of said complaint before the Juvenile Judge and the issuance of said summons, said minor children, Thelma Emory and Mildred Emory, were not within the jurisdiction of the juvenile court of Jackson county, Missouri, being in the custody of relator Weber J. Emory, under the decree of divorce aforesaid, and in Clay County, Missouri. Wherefore, the said juvenile court of Jackson county and respondent as judge thereof had no jurisdiction over said minors or to make orders affecting the custody thereof.

The respondent, however, refused to hear the said motion or to pass upon same, insisting that the relator produce his two said minor children in court to be dealt with according to law as neglected children. Whereupon relator applied to this court for a writ of prohibition. The provisional writ was issued, respondent has made return thereto to which relator has made reply which we may perhaps also consider as in the nature of a motion for judgment on the pleadings, and the case is now before us for determination. Briefs in relator's behalf have been filed, but none in support of respondent's side have been supplied.

While the case has been somewhat informally presented, yet from the manner in which matters are stated and pleaded, and from the papers and pleadings before us, the following appear to be the facts in the case:

Relator and Cleo T. Emory were husband and wife and Thelma and Mildred Emory were their minor children. The wife sued her husband for divorce in the circuit court of Clay county where they lived, and the husband filed a cross-bill. The court heard the case and gave the husband a divorce awarding him the care and custody of the two minor children. This decree was rendered June 17, 1921, and stands unmodified or

changed in any way. The former wife took up her abode in Kansas City and the father and his two children resided in Clay county, the children being cared for at the home of their paternal grandfather. It seems that the father brought the children over to Kansas City to see their mother, whereupon the latter, in an attempt to get possession of the children, made some sort of a complaint against the husband whereby he was arrested and held in custody over night. In order to prevent the mother from getting possession of the children, the father, while under arrest, placed the children under the care of the police matron who looked after them until the next morning when the father was discharged and upon his release he took the children back home in Clay county.

The wife then went in person to the juvenile court and reported that the two children were being neglected by their father. The court, believing what she reported, and not being in possession of the real facts, directed the probation officer to file a complaint and on it issued the summons hereinbefore mentioned; but as the children were not in Jackson county having been taken home in Clay county, the officer was not able to bring them before the court.

The father appeared in answer to the summons when he learned that one had been issued but declined to bring the children over from Clay county and produce them in court insisting that the juvenile court of Jackson county was without jurisdiction, and filed a motion to dismiss. This the court refused to hear until the father should produce the children in court and, the latter, in order to avoid obeying the order as to the production of the children, brought this proceeding in prohibition.

The complaint on which the proceeding in the juvenile court is founded does not allege that the children are residents of Jackson county, Missouri, or that they have been neglected in said county or are delinquent therein. Indeed it is not stated that said children are in Jackson county, Missouri, or ever were therein.

Section 2592, Revised Statutes 1919, provides that the juvenile courts may exercise their jurisdiction in their several counties; and under this, and the general principles of law, the juvenile court of one county has no jurisdiction over children before it who are not residents of, and are not in, the county of the juvenile court's jurisdiction. [State ex rel. v. Buckner, 234 S. W. 651.] If the existence or nonexistence of jurisdiction depends upon contested facts which the inferior tribunal is competent to inquire into and determine, prohibition will not be granted. [State ex rel. v. Duncan, 195 Mo. App. 541, 545.] But the facts are not contested and hence lack of jurisdiction appears on the face of the proceedings in the juvenile court. It is well settled that the attempted action of a court in excess of or beyond its jurisdiction may be prohibited. [St. Louis, etc., R. Co. v. Wear, 135 Mo. 230.] The foregoing, we think, disposes of this case. The further ground relied upon by relator, namely, that jurisdiction in a divorce case is a continuing jurisdiction with reference to the custody of children and certain other matters, and that the proper way to proceed in reference to the children is to apply to that court for a modification of the decree as to their custody, presents an interesting question. It has been held that jurisdiction to directly change the custody of children disposed of by the decree of the divorcing court is not elsewhere, but application must be made there. [In re Kohl, 82 Mo. App. 442.] However, whether the decree of divorce awarding the custody of the children to one parent would prevent the juvenile court of another county from exercising its control over the children if such parent should change his domicile to such other county and there neglect them, is a question we do not feel called upon to decide in view of the fact that the absence of jurisdiction can be predicated upon another ground, which we have herein discussed.

The preliminary rule in prohibition is made absolute. All concur.