ASTON v. HAUCK

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2760. Decided Feb. 8, 1926

294. CONTEST OF WILLS—When validity of will is contested, order of probate is admitted without questioning regularity of such order.

HAMILTON, J.

The action in the Hamilton Common Pleas was one to contest the will of Mary Giffin. The jury found the instrument to be the last will and testament of Manry Giffin and judgment was entered on the verdict, in favor of Henry Hauck et al.

Harvey Aston prosecuted error from said judgment claiming that the will was not executed according to law, in that there was nothing to show that the will was signed by the testatrix; and that the will was not properly probated because he was without knowledge of probate. The Court of Appeals held:

1. The bill of exceptions does not purport to contain all the evidence offered at the trial.

2. A copy of the will is in the record and this shows the signature to be by mark of the testatrix.

3. In absence of anything to the contrary it must be presumed that the signature was made by the express direction and the mark inserted by testatrix.

4. Aston's contention of improper probate is disposed of by 69 OS. 176 which holds substantially that by bringing of an action to contest the validity of a will, plaintiffs admit the probate and they will not be permitted to question or deny the regularity of the order of probate on trial.

Judgment affirmed.

Attorneys—J. T. Rhyno for Aston; W. H. Rucker and Thomas Usher for Hauck et; all of Cincinnati.

---

No. 406

MANSFIELD et v. RICHARDSON et

Ohio Appeals, 9th Dist., Summit Co.

No. 1113. Decided March 9, 1926

445. EASEMENTS—No particular words necessary to grant an easement, if manifest intention of parties can be determined.

FUNK, J.

Stanley Mansfield owner of a house adjoining the property of Edward M. Richardson, defendant, complains of the defendant that he is using approximately four feet of the land of said Mansfield for the purpose of maintaining a driveway between the two properties.

Richardson bases his right to such use upon a paragraph in their deed following the description, which reads, "Also subject to an 8 foot drive on property adjoining on the south."

The title to both these properties had at one time been in a common grantor and this clause appears in each deed in Richardson's claim of title.

Mansfield contends that Richardson has no right or easement in said driveway. Summit Common Pleas rendered judgment for Richardson. On appeal, the Court of Appeals held:

1. No particular words are necessary to grant an easement, and if words are used which clearly show an intention to give such easement, such intent will be carried into effect.

2. Although the wording of the deed in question indicates a reservation rather than an easement, the manifest intention of the grantor was to grant on easement.

Judgment of common pleas affirmed and decree entered accordingly.

Attorneys—W. H. Crawford for Mansfield; Musser, Kimber & Huffman, for Richardson; all of Akron.