STATE OF MISSOURI at the relation of JAMES M. KURN and JOHN G. LONSDALE, Trustees of the St. Louis-San Francisco Railway Company, Relators, v. EMORY H. WRIGHT, Judge of Division No. 1 of the Circuit Court of Jackson County, and JOHN F. COOK, Judge of Division No. 2 of the Circuit Court of Jackson County.—164 S. W. (2d) 300.

Division Two, July 31, 1942.

Motion for Rehearing and to Transfer to Banc Overruled, September 8, 1942.

*M. G. Roberts, E. G. Nahler, M. J. Henderson, Thos. E. Deacy, M. J. Henderson, Jr.,* and *Ben W. Swofford* for relators.

*Allan R. Browne* and *David Logsdon* for respondents.

LEEDY, J.—Original proceeding to prohibit respondent judges from proceeding further in a series of eight damage suits pending in the Circuit Court of Jackson County wherein relators have been sued for actual and punitive damages for their alleged wrongful refusal to give service letters to the several plaintiffs in said causes

upon their discharge, as required by what is now Section 5064, R. S. '39, as amended, Laws 1941, p. 330 [Mo. R. S. A., sec. 5064.]

The petitions, pleadings and record proper in each of said cases are identical, except for the names of the parties plaintiff, the dates relating to employment and discharge, and rates of pay. The same attorneys represent all of the plaintiffs, and all of said suits were filed on the same day.

Our provisional rule in prohibition issued, and respondents made return. Whereupon relators applied for the appointment of a referee to take testimony on certain limited issues of fact. Hon. Robert H. Moore of the Clay County Bar was so appointed. At the time of his appointment, relators were "ordered to deposit $200 and plaintiffs below ordered to deposit a like amount, with clerk of this court, to apply on costs." Relators complied, but the respondents moved that the order be modified so as to dispense with a deposit on their side, which motion was overruled. No deposit was ever made by respondents, or the plaintiffs below, in obedience to said order. Thereafter the referee heard the testimony, and reported his findings. The respondents appeared by counsel (the attorneys for plaintiffs in the suits below) at the hearings held before the referee, but they have filed no brief in this court.

Relators have moved that the provisional rule be made absolute because of the failure of the plaintiffs below to comply with the the aforesaid order directing a deposit to be applied on the costs. Coupled with this is another ground arising out of facts which are not before us otherwise than as alleged in the motion. As such allegations do not prove themselves, we are not at liberty to inquire into the merits of the latter proposition.

Our order directed to plaintiffs below was improvidently made. They are not parties, and cannot properly be joined, as such, in the instant proceeding, although interested in the result. [State ex rel. Karbe v. Bader, 336 Mo. 259, 78 S. W. (2d) 835; State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S. W. (2d) 961; Houts, Mo. Pl. & Pr., sec. 1229.] In this connection, it may not be amiss to point out that relators would be in no better position if the order had gone against the respondent judges themselves, as parties, because of our holdings that in prohibition proceedings to restrain a judge moving in a judicial capacity, costs will not be taxed against him; and this is true even where the writ issues. "Judges should not be mulcted in costs or other damages for errors of judgment in judicial matters." [State ex rel. Federal Lead Co. v. Reynolds, 245 Mo. 698, 151 S. W. 85; State ex rel. Heddens v. Rusk, 236 Mo. 201, 139 S. W. 199.] The motion to make the provisional rule absolute is overruled.

Relators were appointed trustees of St. Louis-San Francisco Railway Company in bankruptcy (reorganization) proceedings under Sections 77 and 77B of the Bankruptcy Act, which proceedings are pending

in the District Court of the United States for the Eastern District of Missouri. As such trustees they are now, and were at all the times mentioned in the petitions in the circuit court cases, operating the properties of said railway company. They contend the circuit court is without jurisdiction for two reasons, namely:

(1) Because the aforesaid suits were filed, and are being prosecuted without the consent or permission of the District Court of the United States for the Eastern District of Missouri in which the reorganization proceedings are pending, and which court has sole and exclusive direction, control and jurisdiction over the trustees, and the properties, rights, etc., of the railway, title to which said trustees hold;

(2) Because the statute[1] (Section 5064, R. S. '39, Mo. R. S. A., sec. 5064) upon which the plaintiffs in the circuit court base their suits, by its express terms, applies only to "corporations doing business in this state," and the same is not applicable to relators as trustees, as they are not "a corporation or agents or representatives of a corporation," and consequently they owed no duty or obligation to said plaintiffs under said statute, and a failure on their part to give a service letter would not be a violation thereof; and hence, plaintiffs' petitions not only fail to state a cause of action, but cannot be amended to state one.

██ As to the first proposition: The petitions below make the following allegations with respect to the consent or permission of the Federal Court to file and prosecute said cases: "Plaintiff further states that by a general order of the District Court of the United States for the Eastern Division of Missouri thereafter entered, said orders having been made on 11-1-32, 11-5-32, 5-17-33, 9-26-33, 10-28-33 and said authority coming also from the Federal Law, this action is permitted to be filed and prosecuted in the courts of this state against said receivers and trustees in charge of the properties of said railway company." Assuming, without deciding, that the cases are of such a nature as require consent of the Federal Court to prosecute, we are confronted with this situation: Plaintiffs' petitions allege they are so authorized. Defendants, the trustees, joined issue

---

[1]"Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him (if such employee shall have been in the service of said corporation for a period of at least ninety days), to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment. [As amended, Laws 1941, p. 330.]

by general denial. If that issue be regarded as one of fact, then the applicable principle is that, if the existence or non-existence of jurisdiction depends upon contested facts which the inferior tribunal is competent to determine, prohibition will not lie. [State ex rel. Emory v. Porterfield, 211 Mo. App. 499, 244 S. W. 966; State ex rel. Finch v. Duncan, 195 Mo. App. 541, 193 S. W. 950.] If, on the other hand, the issue be regarded either as one of law or a mixed question of law and fact, the same result follows because the circuit court has jurisdiction in the first instance to determine the legal effect of the orders of the Federal Court pleaded by said plaintiffs. That it may reach an erroneous conclusion in construing and applying them to the facts is not sufficient ground for interference by prohibition.

■ We are of the opinion that the second ground of challenge of jurisdiction is likewise untenable. The statute, supra, is admittedly applicable to railroad as well as other corporations. If we entertained any doubt of the trustees' amenability to the statute, as an original proposition, it would be dispelled by force of the order of the Federal Court which was introduced by relators as a part of their case, and reported by the referee. It provides, inter alia, that the trustees shall "manage and operate said railroads and property according to the requirements of the valid laws of the various states in which said railroads are situated, *in the same manner that the Railway Company would be bound to do if in possession thereof.*" (Italics ours.) That the alleged omission grows out of the trustees' management and operation of said railroad is not open to question. [See, also, Ward v. Kurn et al., 234 Mo. App. 241, 132 S. W. (2d) 245; McCrory v. Kurn et al. (Mo. App.), 101 S. W. (2d) 114.]

For the reasons indicated, our provisional rule in prohibition should be discharged. It is so ordered. All concur.