The State, ex rel. The Cleveland Trust Co., Exr., *v.* Probate Court of Cuyahoga County et al.*
The State, ex rel. The Jewish Community Federation of Cleveland et al., *v.* Probate Court of Cuyahoga County et al.*

(Nos. 25090 and 25091—Decided November 27, 1959.)

---

*Judgment affirmed, 172 Ohio St., 1.

*Messrs. Jones, Day, Cockley & Reavis, Mr. Henry Kutash, Mr. Victor DeMarco* and *Mr. Ellis H. McKay,* for relator The Cleveland Trust Company.

*Messrs. Burke, Haber & Berick,* for relator The Jewish Community Federation of Cleveland.

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis,* for relators The Mt. Sinai Hospital of Cleveland and Western Reserve University.

*Messrs. Weitz & Weitz,* for relators The Jewish Children's Bureau of Cleveland and others.

*Mr. Richard L. Phillips,* for relator The Montefiore Home.

*Mr. A. H. Dudnik* and *Mr. Ellis V. Rippner,* for applicant Janet Altman Hecht.

HURD, P. J. These are actions commenced in this court for writs of prohibition against the Honorable Walter T. Kinder, presiding judge, and the Honorable Frank J. Merrick, associate judge, of the Probate Court of this county, as parties respondent, seeking to have such judges desist and refrain from any further proceedings now pending in that court upon an application to vacate the probate of a will.

While we are not presently concerned with the merits, it may assist in an understanding of this opinion to set forth briefly that the relators, The Cleveland Trust Company, executor of the estate of Julius E. Goodman, deceased, and The Jewish Community Federation of Cleveland and others, in their respective petitions, which are in all essentials identical, allege in part that on August 21, 1958, Janet Altman Hecht, who claims to be the sole heir and next-of-kin of Julius E. Goodman, deceased, and who is also a beneficiary under the will, by instrument in writing, filed in the Probate Court of this county, made a part of the records thereof and referred to in the order admitting the will to probate, waived notice of the presentation of the will and codicil to probate and consented to admission of the same to probate; that, thereafter, on January 14, 1959, Janet Altman Hecht, not being content with the provisions of the will, filed her action in the Court of Common Pleas of Cuyahoga County, alleging that the documents admitted to probate by the court are not the last will and codicil of Julius E. Goodman,

deceased; that such will contest is now in the course of active litigation in the Court of Common Pleas; that on April 6, 1959, after the term at which the order of probate was made and more than six months after the will was admitted to probate, and while the will contest action was pending and unresolved in the Court of Common Pleas, Janet Altman Hecht filed in the Probate Court an application entitled "Application to Vacate Probate of Will and Appointment of Executor," setting forth her grounds for the request contained in such application; that none of the beneficiaries under said will and none of the parties to the will contest action, other than relator The Cleveland Trust Company, as executor, was made a party to the application to vacate, or was served with notice thereof; that she caused such application to be set for hearing before respondent, the Honorable Frank J. Merrick, one of the judges of the Probate Court, on April 20, 1959; that upon the filing of such application, such relator filed in the Probate Court its motion to dismiss such application, objecting to the jurisdiction of the Probate Court to entertain the action to vacate probate, for the reason that, upon certification of the will and related papers to the Court of Common Pleas, pursuant to Section 2107.24, Revised Code, and until the return to the Probate Court of the certificate of the Court of Common Pleas as to the result of the will contest pending in the Common Pleas Court, the Probate Court is without jurisdiction to entertain an application to set aside the order of the probate; and that any order the Probate Court would render attempting to set aside the probate of the will would be void. It is further alleged that respondent Frank J. Merrick, judge of such court, is acting in excess of his jurisdiction and in interference with the jurisdiction of the Common Pleas Court; and that the Probate Court has neither statutory right nor inherent power to set aside an order of probate upon a motion or application filed after the expiration of the statutory period for contest and at a different term of court without notice to the beneficiaries under the will and any other persons interested therein, and such application is void and ineffectual to confer jurisdiction upon that court to vacate such probate.

Thereafter, upon an alternative writ of prohibition being

allowed by this court, returnable on November 9, 1959, at 11:00 a. m., Janet Altman Hecht filed her applications to be made a party respondent in these actions and for leave to move, plead or demur, with brief and affidavit annexed, the probate judges having failed to file a return.

The sole question now before the court is whether, in a prohibition proceeding, any person other than the judge or tribunal against whom the writ is sought may be permitted to intervene and defend the proceedings as a party.

We think it unnecessary to emphasize that the writ of prohibition is an ancient common-law writ of high prerogative issuing out of a court of superior jurisdiction and directed to an inferior tribunal, commanding it to cease from usurping jurisdiction with which it is not legally invested. Able counsel for the respective parties have filed briefs, and, after oral argument, the issue is now presented to this court for determination.

It is claimed by the applicant, Janet Altman Hecht, that she has an interest in the controversy adverse to the relator by virtue of the fact that relator is opposing the motion now under consideration by the Probate Court and that the applicant, by virtue of her interest in the controversy adverse to relator, does not have to show that she is a necessary party. The applicant cites in support of her application to intervene the cases of *Gross* v. *Weiner*, 23 C. C. (N. S.), 116, 34 C. D., 157; *Goldhart* v. *Curry* (1945), 43 Ohio Law Abs., 65, 62 N. E. (2d), 101; *Hudson* v. *Hoster* (1942), 37 Ohio Law Abs., 198, 46 N. E. (2d), 422; *Barnes* v. *Christy* (1921), 102 Ohio St., 160, 131 N. E., 352; and *Rosenberg* v. *Mehl* (1930), 37 Ohio App., 95, 174 N. E., 152.

We have examined the cases cited and find that none of these authorities involves proceedings in prohibition. Because of the nature of an action in prohibition, we deem it necessary to confine our examination to cases which are applicable to such proceedings.

In *Ex Parte Indiana Transportation Co.* (1916), 242 U. S., 281, 61 L. Ed., 301, 37 S. Ct., 126, a proceeding in prohibition, the District Judge, Kenesaw Mountain Landis, had been ruled to show cause why the execution of an order should not be restrained for want of jurisdiction. On the day on which the order was returnable, the respondent judge made no response.

Instead, the co-libelants, some 270 in number, the persons who would be adversely affected by the granting of the writ, asked that they be treated as defendants and be permitted to make response to the petition. The opinion was written by Mr. Chief Justice White by direction of the court. It was there held that the judge who made the order and against whom the writ prayed for, if allowed, was to be directed was "the *essential* party defendant," and therefore intervention was denied, and, since the respondent judge had made no return, the time for his return was extended. The court indicated that, after the respondent judge responded, the co-libelants might be heard either by the respondent judge's authority, or because of their interest in the result, or as friends of the court. It is implicit in the decision that the respondent judge was to be required to respond before the co-libelants could be heard to sustain the sufficiency of the return. Although that case related to a federal question in admiralty and a request for substitution, nevertheless, the principle of law involved is substantially the same as is here presented.

In 42 American Jurisprudence, 175 and 176, Section 40, citing *Ex Parte Indiana Transportation Co., supra* (242 U. S., 281), the rule is stated as follows:

"* * * However, where a rule to show cause is directed to a judge, he is the essential party respondent, and if he has made no response to the rule, interested parties are not entitled to be substituted as respondents."

In *State, ex rel. Greenwood,* v. *Baals,* 66 Ohio App., 255, 31 N. E. (2d), 244, the relator sought a writ of prohibition to prevent a justice of the peace from proceeding in a certain forcible entry and detainer case. In addition to the justice, other parties were named as respondents. The court, at page 256, stated as follows:

"It may be said in passing that the respondents, other than the justice of the peace, are not proper parties to such action, and the writ would not obtain as to them in any event."

Considering adjudications in other jurisdictions where the statutes relating to prohibition are substantially similar to ours, we find two Missouri cases: *State, ex rel. Alisky,* v. *Bird* (Mo. App., 1933), 63 S. W. (2d), 817, and *State, ex rel. Kurn*

*et al., Trustees,* v. *Wright, Judge* (1942), 349 Mo., 1182, 164 S. W. (2d), 300, in which intervention was not allowed.

In the case of *State, ex rel. Phillips,* v. *Barton* (1923), 300 Mo., 76, 254 S. W., 85, a prohibition case in which a writ was sought against a clerk of court, the court announced that the writ of prohibition is to be directed to or against those clothed with the exercise of judicial powers and hence no others should be made respondents. In the *Kurn case,* the court held that even though the plaintiffs in the action might be interested in the result, nevertheless they are not parties and cannot properly be joined as such in the prohibition proceeding. In *State, ex rel. Alisky,* v. *Bird, supra,* the plaintiff, who was not a party although interested in the result, filed a separate answer. The respondent justice having filed a demurrer, the court held that, since the plaintiff was neither a *necessary or proper party,* his answer was superfluous, the allegations immaterial, and no attention would be paid to them. To the same effect, see, also, *Brouwer* v. *Superior Court of Los Angeles County,* 130 Cal. App., 163, 19 P. (2d), 834, and *State, ex rel. Gallahue,* v. *Brennan, Judge, Superior Court,* 232 Ind., 613, 115 N. E. (2d), 449.

To illustrate practice and procedure in Ohio, we now turn to cases within the experience of our own court.

In *State, ex rel. National City Bank of Cleveland, Trustee,* v. *Common Pleas Court of Cuyahoga County,* 154 Ohio St., 74, 93 N. E. (2d), 465 (for Court of Appeals report see 56 Ohio Law Abs., 531, 92 N. E. [2d], 824), an original action in this court against the Common Pleas Court Judges of this county, no intervention was requested but the attorneys who would be adversely affected filed a motion for judgment on the pleadings in behalf of the respondent judges. The motion was denied and the writ allowed.

In *State, ex rel. Ellis,* v. *Hurd et al., Judges,* 164 Ohio St., 403, 132 N. E. (2d), 100, an action in procedendo, which is also a high prerogative writ, was commenced against the respondent judges of this court. Counsel for the Turnpike Commission, who were directly interested in the result, filed a demurrer in our behalf and notified us later that they had done so, to which we had no objection. The demurrer was sustained. *State, ex rel. Piletich,* v. *Kovachy et al., Judges,* 166 Ohio St., 298, 142 N.

E. (2d), 225, was a prohibition case against the judges of this court. There was no intervention, but counsel for the interested parties as a matter of course demurred to the petition, the demurrer was sustained, and the writ of prohibition was denied.

In *State, ex rel. Blake,* v. *Common Pleas Court of Cuyahoga County,* 157 N. E. (2d), 441, a hearing was had on an application for intervention by the Cleveland Savings Society. This court allowed intervention on an oral statement from the bench after argument. No briefs contra were filed, and the journal entry shows the following, in part:

"Counsel for the Court of Common Pleas and Daniel H. Wasserman, defendants respondents, stated orally that they had no objections to such intervention."

The journal entry submitted shows approval by attorneys for relator, attorneys for respondents, and attorneys for the Cleveland Savings Society, but the journal entry was not signed by the court. Thereafter, a demurrer having been filed, this court sustained the demurrer and the writ was denied. This case is no longer pending, and, to the extent that we allowed intervention, it is now disapproved.

The respondent judges are the only persons against whom a writ may operate. The intervention of other parties against whom no order whatsoever could be made obviously could have no binding effect. Without attempting to suggest what the respondents should do in respect of the allegations of the petition, if the facts are not in dispute, the filing of a demurrer to the petition would present an issue of law. If the facts are in dispute, the respondent judges are the only persons who could properly move or answer. In such cases, the respondent judges, having no direct or personal interest whatever in the outcome of the cause, could permit counsel for the interested parties to represent them in the proceedings before this court. In any event, we hold that in a prohibition proceeding only the tribunal and judges affected are the proper parties who have the right to move, plead or demur.

We conclude that the applicant requesting leave to intervene, although interested, is neither a necessary, essential or proper party to the determination of the causes now pending in this court.

For the reasons stated, therefore, the applications of Janet Altman Hecht for leave to intervene and to be made a party respondent and for leave to move, plead or demur, must be, and hereby are, denied. However, the time for the return of the respondent judges is extended.

*Applications denied.*

KOVACHY and SKEEL, JJ., concur.

(Decided March 17, 1960.)

ON DEMURRERS to petitions.

HURD, P. J. These are actions for writs of prohibition in which the relators seek the issuance of such writ prohibiting the respondents, Walter T. Kinder and Frank J. Merrick, Judges of the Probate Court, from hearing and deciding a certain application of one Janet Altman Hecht to vacate the probate of the will of Julius E. Goodman, deceased.

The respondent judges have filed demurrers on the ground that the petitions do not contain facts sufficient to constitute a cause of action.

Inasmuch as the demurrers admit the well-pleaded allegations of the petition, it is necessary, for a complete understanding of this opinion, to set forth the salient facts in the petitions which, being admitted by the demurrers, are not in dispute.

On August 14, 1958, one Julius E. Goodman died a resident of Cuyahoga County, Ohio. On August 21, 1958, his will and codicil were duly admitted to probate by the Probate Court of this county, and the relator The Cleveland Trust Company appointed executor. At the time of the admission of the will to probate, Janet Altman Hecht, who claims to be the sole heir and next of kin of decedent and who is also a beneficiary under the will, did, by writing, filed in the Probate Court, made part of the records thereof and referred to in the court order, waive

notice of the presentation of the will and codicil to probate, and consented to their admission to probate.

On January 14, 1959, Janet Altman Hecht filed an action in the Court of Common Pleas of Cuyahoga County alleging that the documents admitted to probate were not the last will and codicil of the decedent, the same being docketed on the records of such court as cause number 718,402. Pursuant to statute, the Probate Court promptly transmitted the will, testimony and all papers relating thereto to the Court of Common Pleas in whose custody and possession they have been ever since.

The petitions further set out that the value of the estate of Julius E. Goodman exceeds four million dollars ($4,000,000) and that Julius E. Goodman never married and leaves no immediate family; and that his will makes provision for approximately 55 individuals, including dependent relatives, other relatives, employees and friends of long standing. In addition to such individuals, the will makes specific bequests to approximately ten institutions, such as homes for the aged, Marymount Hospital, Y. M. C. A. and others. After such specific bequests, the residue of the estate, constituting the major portion thereof, is divided among four charitable institutions, The Cleveland Foundation, The Jewish Community Federation of Cleveland, Mount Sinai Hospital of Cleveland, and the School of Medicine of Western Reserve University. With specific reference to Janet Altman Hecht, the will gives her the life income from $100,000, gives her husband certain chattel property, gives her mother certain chattel property, and gives her father $50,000, plus certain chattel property, plus an interest in certain real estate. The codicil makes additional provisions for a child of Janet Altman Hecht.

On April 6, 1959, Janet Altman Hecht filed in the Probate Court her application entitled "Application to Vacate Probate of Will and Appointment of Executor." This application was filed after the term at which the order of probate was made and more than six months after the will had been admitted to probate. None of the beneficiaries under the will and none of the parties to the will contest action, other than the relator The Cleveland Trust Company, as executor, was made a party to the application or served with notice thereof.

The application of Janet Altman Hecht, which is the subject of this controversy, is set forth verbatim as "Exhibit B" to the petitions. The sole claims made by Mrs. Hecht as the grounds for her application are: (a) that the first nine pages of the ten-page-will are not the original pages; and (b) that there is a later will.

The petitions set forth that both these grounds raise the same issue, to wit, whether the document admitted to probate is the last will of the decedent, which is precisely the same issue now pending before the Court of Common Pleas in the will contest action.

Upon the filing of such application of Janet Altman Hecht to vacate probate and prior to any hearing thereof, the relator The Cleveland Trust Company filed in the Probate Court its motion to dismiss the application of Janet Altman Hecht, objecting to the jurisdiction of the Probate Court to entertain the application to vacate probate for the reason that upon the certification of the will and related papers to the Court of Common Pleas, pursuant to Section 2107.24 of the Revised Code, and until the return to the Probate Court of the certificate of the Court of Common Pleas as to the result of the case, that is, whether the paper writing is or is not the last will of the decedent, the Probate Court is without jurisdiction to entertain an application to set aside the order of probate and any order which it would render attempting to set aside the probate of the will would be void; for the further reason that the will-contest provisions of Sections 2741.01 to 2741.09, Revised Code, afford the exclusive mode of setting aside a will which has once been admitted to probate and that the Court of Common Pleas now has the sole and exclusive jurisdiction to determine the issues sought to be raised by Janet Altman Hecht in her application; and for the further reasons set forth in the motion to dismiss the application of Janet Altman Hecht.

The motion to dismiss the application was filed on April 20, 1959. After briefs and oral argument, Judge Merrick overruled relator's motion objecting to his jurisdiction and set the application of Janet Altman Hecht to vacate the will for trial.

It is further alleged in the petitions that unless a writ of

prohibition shall issue to the respondents as prayed for, respondent Frank J. Merrick, Judge, will proceed to try the application of Janet Altman Hecht to vacate probate, including the taking of evidence thereon, and will proceed to determine the cause and render judgment therein. The petitions further allege that respondents are without jurisdiction, power or authority to hear or determine the application of Janet Altman Hecht to vacate the probate of the will and that respondent Frank J. Merrick, Judge, is acting in excess of his jurisdiction and in interference with the jurisdiction of the Court of Common Pleas. It is further alleged, *inter alia*, in the petitions that this cause is of great moment and involves property and money of great value; that it involves the rights of more than 80 persons, associations and corporations, ranging from elderly individuals with little or no financial resources, to large public charities of great importance to the health and welfare of this community; that the trial of the issues will be long, costly and involved; that there will be a large number of witnesses, including witnesses from other states, and there will be important questions of law relating to the admissibility of evidence; that to require the trial of this cause in the Probate Court would be not only to require a useless trial before a court which has no jurisdiction or power to determine the issue or grant the relief requested but would jeopardize the rights of a great number of the persons and charities without even a semblance of due process and would deprive relator The Cleveland Trust Company and the beneficiaries under the will the right to trial by jury; that such trial in the Probate Court would further delay, hinder and interfere with the proper preparation and trial in the case of the will contest in the Court of Common Pleas, would place upon the proponents of the will heavy and oppressive burdens of trial, including the necessity of requesting repeated appearances of witnesses, and would inevitably result in confusion with respect to rulings on important questions of law relating to admissibility of evidence; that to require such relator and the beneficiaries under the will and the other persons interested therein as proponents of the will to defend simultaneously a multiplicity of suits under the foregoing circumstances would

be highly oppressive and would be of great and unnecessary waste and expense to the estate, to the parties and to the courts; and that the order of respondent Judge Frank J. Merrick, overruling such relator's motion to dismiss and setting this cause for trial is not an appealable order, and such relator has no plain, speedy or adequate remedy, save by writ of prohibition issued by this court.

The Judges of the Probate Court have not presented any briefs in support of the demurrers filed by them, but, upon application, this court has granted permission to counsel for Janet Altman Hecht to file briefs *amicus curiae* and to argue in her behalf.

Four questions of law are presented, which may be stated as follows:

(1) Is the Probate Court divested of jurisdiction to entertain an application to vacate the probate of a will after the same has been certified to the Court of Common Pleas for adjudication as to its validity?

(2) Do the will-contest provisions of Sections 2741.01 to 2741.09, inclusive, Revised Code, afford the exclusive remedy for challenging the validity of a will that has been duly admitted to probate?

(3) Is the Probate Court divested of jurisdiction to vacate the probate of a will upon an application made, after term, by a party who has instituted proceedings in the Court of Common Pleas, the application being made after the expiration of the statutory period for the contest of a will?

(4) If any one or all of these questions are answered in the affirmative, is prohibition the proper remedy?

From the petitions, it will be observed that on August 14, 1958, Julius E. Goodman died a resident of this county; and that on August 21, 1958, his will and codicil were duly admitted to probate in this county, and the relator The Cleveland Trust Company was appointed executor.

At the time of the admission of the will to probate, Janet Altman Hecht, who is a beneficiary under the will, consented in writing to the probate of the will and codicil. However, on January 14, 1959, about five months later, Janet Altman Hecht

instituted an action in the Court of Common Pleas to contest the validity of such will. Thereafter, on April 6, 1959, after the statutory period for contesting the will had elapsed and while her action to contest the will was still pending in the Court of Common Pleas, she filed an application in Probate Court to vacate the probate of the will and appointment of the executor. In her application to vacate the probate of the will, she alleges that the first nine pages of the will are substituted pages and that there is a later will. Thus her application in Probate Court is a challenge to the validity of the will as probated. The application raises no other issues. Therefore, the subject matter of the application to vacate probate is the same subject matter to be presented to a jury in the Court of Common Pleas on a trial of the issues, namely, whether the will is, in fact, the last will and testament of the decedent. It is clear that the applicant has elected her remedy in the Court of Common Pleas to which the will and all papers have been certified.

Considering now the first question above presented. It was held in the case of *In re Estate of Hammer*, 99 Ohio App., 1, 130 N. E. (2d), 437, that the Probate Court is without jurisdiction to entertain a motion to set aside the order of probate after certifying the will and papers to the Court of Common Pleas. Paragraph one of the syllabus reads as follows:

"1. Where a document is certified by the Probate Court to the Common Pleas Court for a determination whether such document is the last will of decedent, the Probate Court is without jurisdiction to entertain a motion to set aside the order of probate of such document until the return to the Probate Court of the certificate from the Common Pleas Court as to the result of such determination."

At page six of the *Hammer case, supra*, the court quotes from *Stacey* v. *Cunningham*, 69 Ohio St., 176, 68 N. E., 1001, paragraph three of the syllabus being as follows:

"3. By the bringing of an action to contest the validity of a will, under the statute, plaintiffs admit the probate of the will so put in contest, and will not, therefore, on the trial of said cause, be permitted to question or deny either the regularity of the order of probate, or the authority and jurisdiction of the court that made it."

We find that the case of *Stacey* v. *Cunningham*, above cited and quoted, has never been disapproved or modified in any way by the Supreme Court and is still the law of Ohio.

To indicate the high degree of sanction with which our Supreme Court views the probate of a will, the late case of *In re Estate of Lyons* (1957), 166 Ohio St., 207, 141 N. E. (2d), 151, is of great significance. We quote paragraphs one and two of the syllabus:

"1. In determining whether a will which is presented for probate and which is complete and regular in appearance and which apparently complies with all formalities should be admitted to probate, the Probate Court is not authorized to determine as a fact whether such will has been attested and executed according to law, but is merely required to determine whether there is substantial evidence tending to prove that fact, *i. e.*, evidence which will enable a finding of that fact by reasonable minds. * * *

"2. Even though all who have apparently signed an instrument as attesting witnesses affirmatively testify that the instrument was not executed according to law, such execution and attestation may be established by other competent evidence. * * *"

We are in complete accord with the reasoning and judgment of the Court of Appeals of the Third Appellate District in the *Hammer case*, and, therefore, the answer to the first question above is in the affirmative and we hold that the Probate Court was divested of jurisdiction to entertain the probate of the will after the same had been certified to the Court of Common Pleas for adjudication as to its validity.

Furthermore, this court is unanimously of the opinion that the respondents, if they were permitted to give consideration to the motion to vacate the order of probate, could not withdraw from the Court of Common Pleas its jurisdictional right to proceed with the will contest, which jurisdictional right is exclusive.

Proceeding to the second question above presented, Section 2741.01, Revised Code, provides:

"A person interested in a will or codicil admitted to pro-

bate in the Probate Court, or Court of Common Pleas on appeal, may contest its validity by a civil action in the Court of Common Pleas of the county in which such probate was had.''

Section 2741.03, Revised Code, provides:

''Upon the filing of the petition in an action under Section 2741.01 of the Revised Code, the clerk of the Court of Common Pleas shall certify that fact to the Probate Court in which the will is recorded.''

Section 2741.04, Revised Code, provides, in part, as follows:

''In an action under Section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, *which issue shall be tried by a jury.* The verdict shall be conclusive, unless a new trial is granted, or the judgment is reversed or vacated. * * *.'' (Emphasis added.)

Our Supreme Court in numerous cases has held that the exclusive mode of raising the issue of the validity of a will admitted to probate is by a will-contest action as provided by statute. Such action so commenced is not in the nature of an appeal but is an original action under the statute.

In *Mosier* v. *Harmon*, 29 Ohio St., 220, the court held, in the first and second paragraphs of the syllabus:

''1. Where a will, executed in due form, is probated and admitted to record on an application within the jurisdiction of the court, error will not lie to review the testimony upon which the order of probate was made.

''2. *The mode of contesting the validity of a will* thus admitted to probate, as provided by Section 24 of the Probate Act, and Section 19 of the Wills Act, *is conclusive.*'' (Emphasis added.)

In *Hollrah* v. *Lasance* (1900), 63 Ohio St., 58, 57 N. E., 964, it was stated on page 64 with respect to the Code sections then in existence, namely, Sections 5858 and 5933, Revised Statutes (Sections 2741.01 to 2741.09, inclusive, Revised Code), as follows:

''These provisions require the conclusion that the contest in the Court of Common Pleas authorized by Section 5858 *is the only mode of revoking an order admitting a will to probate.*

These sections were so construed in *Mosier* v. *Harmon et al.*, 29 Ohio St., 220.'' (Emphasis added.)

In *McVeigh* v. *Fetterman*, 95 Ohio St., 292, 116 N. E., 518, it was held, *inter alia*, at page 294:

"Under the mandatory provisions of this section, a will duly probated is thereby fully established; and, under the clear and unequivocal terms of the statute above quoted, it shall be forever binding unless set aside as a result of proceedings instituted in the manner and within the time required by statute.

*"No right exists* to maintain an action to contest a will except as it is specifically provided *by statute*, and the right thus conferred is subject to the conditions and limitations imposed. *The right granted and the condition imposed go together; the one cannot be enjoyed without the restrictions and limitations of the other."* (Emphasis added.)

In *Madden, Exr.,* v. *Shallenberger, Gdn.* (1929), 121 Ohio St., 401, 169 N. E., 450, the court held, as appears by the third paragraph of the syllabus:

"3. Sections 12079 to 12087, inclusive, General Code [Sections 2741.01 to 2741.09, inclusive, Revised Code], afford the *exclusive mode of setting aside a last will and testament."* (Emphasis added.)

In *In re Estate of Frey*, 139 Ohio St., 354, 40 N. E. (2d), 145 (1942), the Supreme Court again held, as appears by paragraph three of the syllabus, the following:

*"The only mode of challenging the validity of a will which has been admitted to probate is by a proceeding in contest as provided by statute."* (Emphasis added.)

We conclude that these numerous authoritative pronouncements of our Supreme Court clearly establish the proposition that the provisions of Sections 2741.01 to 2741.09, inclusive, Revised Code, afford the exclusive remedy for challenging the validity of a will that has been admitted to probate and that, *a fortiori*, the Probate Court is without jurisdiction now to entertain the application of Janet Altman Hecht to vacate the probate of the will which challenges the validity of the will.

While we think our answers to these questions are dispositive of the issues in this case, we think it is well to consider the

third question relating to an application to vacate the probate of a will made after term by a party who has instituted will contest proceedings in the Court of Common Pleas, such application having been made *after the expiration of the statutory period for the contest of a will.*

Section 2741.09, Revised Code, entitled "Limitation of action to contest will," provides, in part, as follows:

"An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed. * * *."

There is no question in the instant case that the action to contest the will was commenced by Janet Altman Hecht in the Court of Common Pleas within the six-month period provided by the statute. There is also no question that the application to vacate the probate of the will in Probate Court was brought some eight months after the expiration of the statutory period.

Concerning this matter, the Court of Appeals in *In re Estate of Hammer, supra* (99 Ohio App., 1), at page 6, made a pungent statement which could be applied with equal force to the instant case:

"Finally, if we grant, for the purpose of argument, that the Probate Court did have jurisdiction to entertain the motion, we are of the opinion that the court had neither a statutory right nor the inherent power to set aside the order of probate upon a mere motion, filed sixteen months after probate, at a different term of court and without notice to any of the heirs at law, legatees or devisees. The administration of an estate, especially with a will involved, affects too many substantial rights of the widow, heirs at law, legatees, devisees and creditors, the enforcement of which are regulated by rigid time schedules, to indulge in such off-again, on-again procedure."

In the case of *Petitt* v. *Morton,* 38 Ohio App., 348, 176 N. E., 494, affirmed in *Morton* v. *Petitt,* 124 Ohio St., 241, 177 N. E., 591, it was held, as appears by the second paragraph of the syllabus:

"2. Probate Court is powerless to vacate order of probate after expiration of statutory period for contest, even if will is conclusively proven to be spurious."

That case was decided in 1930, before the Probate Court was given the same powers to vacate its orders as the Court of Common Pleas, under Section 2101.33, Revised Code. The action was one in tort for fraud in the probate of a will brought in the Court of Common Pleas. The court emphasizes, in no uncertain manner, that any attempt, even by the Court of Common Pleas, to vacate the order of probate on the ground of invalidity of the will would not lie after the expiration of the statutory period for contest.

In the case at bar, the Probate Court had jurisdiction to enter the order admitting the will to probate. Janet Altman Hecht consented in writing to the probate of the will. If the Probate Court could now entertain her motion to vacate the probate of the will, a precedent would be established which would result in chaos to the orderly procedure of the probate of wills and the administration of estates by Probate Courts and the contesting of their validity by the Court of Common Pleas. Such a precedent would open the door to numerous and vexatious delays and procedures not at all contemplated by the statutes regulating the probate of wills and the contesting of the validity of wills which have been admitted to probate. Under such procedures, there could conceivably be much useless duplication of effort and in some cases no forseeable end to litigation.

According to the facts set out in the petitions and admitted by the demurrers, the will of the decedent makes provision for more than 80 individuals and charitable institutions and involves over four million dollars. Upon the admission of the will to probate, these beneficiaries acquired certain substantial rights, subject only to the right of a contestant to bring an action under the statute in the Court of Common Pleas within six months to determine whether the document admitted to probate is the last will of the decedent. The statutes make definite and certain that every devisee, legatee, and other interested person is made a party to the action, is properly served, and is served within the prescribed time limit. In that way, every beneficiary and every other interested person is allowed his day in court and full opportunity to protect and defend whatever interest

he may claim to have. Without laboring the question further, it is patently clear that the third question posed above must be answered in the affirmative, and, for that reason also, the motion in the Probate Court to vacate the probate of the will cannot be maintained.

We have reviewed the brief of counsel *amicus curiae* in this court, who are in reality counsel for Janet Altman Hecht, who is the applicant in Probate Court to vacate the order of probate of the will. Counsel argue that the Probate Court has determined that it has jurisdiction in the premises and cite in support thereof the case of *State, ex rel. Scoratow,* v. *Common Pleas Court of Wood County* (1959), 170 Ohio St., 76, 162 N. E. (2d). 533. We have examined that case, which involved the validity of a divorce decree, which we think has no application to the issues here presented.

Counsel also rely on the cases of *Scholl* v. *Scholl*, 123 Ohio St., 1, 173 N. E., 305, and *Young* v. *Guella*, 67 Ohio App., 11, 35 N. E. (2d), 997. In each of the cases cited, it was held that a court of equity in a proper action in which the necessary persons are made parties might set aside an order of probate if the order admitting the will to probate is absolutely void for want of jurisdiction. In each of the cases cited, the court found that the Probate Court lacked jurisdiction to admit the will to probate because of lack of notice to or waiver by the necessary heirs, and that the order of probate was, therefore, absolutely void.

In the instant case, there is no issue as to the jurisdiction of the Probate Court to enter the order admitting the will to probate. The Probate Court had jurisdiction of the subject matter and the parties, and Mrs. Hecht not only waived notice but consented to probate in writing. Her application does not question the jurisdiction of the Probate Court. In essence, it is a claim that the document admitted to probate is not the last will and testament of the decedent, which we again emphasize is exclusively within the jurisdiction of the Court of Common Pleas in the action there pending.

In each of the cases relied upon, the applicant had not previously filed a will-contest action and the will and all papers re-

lating thereto, and the order of probate, had not been certified and transferred to the Court of Common Pleas for the determination of the validity of the will, as appears in the instant case.

The argument of counsel *amicus curiae*, that a court has power to determine its own jurisdiction, is untenable when the court has patently and obviously lost jurisdiction of the person and subject matter of the action. The court lost such jurisdiction when Janet Altman Hecht, herself, after having consented in writing to the probate of the will, commenced the action challenging its validity in the Court of Common Pleas. Therefore, she is not now permitted to question or deny the regularity of the order of probate or the authority or jurisdiction of the court making it. See *Stacey* v. *Cunningham* and *In re Estate of Hammer, supra.* See, also, *Aston, a Minor,* v. *Hauck,* 22 Ohio App., 430, 153 N. E., 277, paragraph two of the syllabus and the quotation from *Stacey* v. *Cunningham* at page 431.

Counsel for relators and counsel *amicus curiae* have discussed certain cases decided in other jurisdictions. We think it unnecessary to discuss those cases, as the issues here involved are clearly determinable under Ohio law. Some cases presented involve the refusal of a court to admit a will to probate. Such refusal does constitute a final order which is appealable, whereas the admission of a will to probate is not a final order and is, therefore, not appealable under Ohio law.

We make one exception to this proposition and that is because counsel *amicus curiae* have cited and stressed the case of *Wright* v. *Simpson* (Supreme Court of Illinois), 200 Ill., 56, 65 N. E., 628, followed in *Handley* v. *Conlan et al., Exrs.,* 342 Ill., 562, 174 N. E., 855, claiming that the reasoning and finding in the case of *Wright* v. *Simpson* are conclusive as to one of the issues at bar. We do not agree, since in the *Wright* v. *Simpson* case a will had been admitted to probate without notice to a daughter of the decedent, in violation of statute, and by reason of the deliberate fraud of the proponents in omitting her name from the list of heirs. She brought an action to set aside the order of probate, naming all the beneficiaries parties. The decision of the court permitting the suit was based on the hold-

ing that: (1) the original order of probate was void for lack of jurisdiction because of the failure to give the notice required by statute; and (2) the original order had been obtained by deliberate fraud.

In the first paragraph of the syllabus in *Wright* v. *Simpson, supra,* we find the following:

"1. Judgments and Decrees—*an order of probate court obtained by fraud may be set aside at later term.* An order of the probate court obtained by fraud upon and without notice to an interested party may be set aside upon petition at a subsequent term."

To the same general effect is *Handley* v. *Conlan, supra.*

No such factual situation obtains in the instant case, as we have heretofore stated, since the application of Janet Altman Hecht does not question the jurisdiction of the Probate Court. There is no claim of fraud and the demurrer admitted all the well-pleaded facts of the petitions. There is no issue in this case as to the jurisdiction of the Probate Court to enter the order admitting the will to probate, particularly in view of the fact that Mrs. Hecht not only waived notice but consented to probate in writing. Consequently, the Illinois cases cited are not germane to the issues here presented.

Proceeding now to consider the fourth question posed above, namely, whether prohibition is the proper remedy, we find that relators have no adequate remedy at law and that under such circumstances the high prerogative writ of prohibition will afford the only relief. We are of the opinion that the rule set forth in *State, ex rel. National City Bank,* v. *Cuyahoga County Common Pleas Court,* 56 Ohio Law Abs., 531, 92 N. E. (2d), 824, has application. In that case, this court stated at page 535:

"We consider as controlling the rule of law that holds where a court's jurisdiction of the person and subject matter of an action has terminated, the court is as destitute of jurisdiction of either the person or subject matter as if such jurisdiction had never been acquired, and if in such circumstances the court proposes to take any further action a writ of prohibition may issue. 42 American Jurisprudence, 162, 163, Section 25; 32 Ohio Jurisprudence, 585, Section 23."

The judgment of this court was affirmed by the Supreme Court in *State, ex rel. Natl. City Bank of Cleveland, Trustee,* v. *Court of Common Pleas, supra* (154 Ohio St., 74). In examining the judgment of this court, the Supreme Court, at page 76, quoted from the Court of Appeals judgment entry as follows:

" 'The court further finds that the relator has no adequate remedy at law or by appeal from the attempted exercise of jurisdiction in said matter, by said respondent court, and is entitled to a writ of prohibition herein.' "

The Supreme Court, at page 79, concluded with the following significant statement:

"A majority of this court is of the opinion that the Court of Appeals correctly disposed of this case, not only from a legal standpoint but upon practical considerations as well, and that its judgment should not be disturbed. Such judgment is therefore affirmed."

The decision of the Supreme Court was unanimous (Taft, J., not participating).

For the reasons stated, we conclude that the demurrers of the respondents to the petitions of relators should be overruled and that the writs of prohibition should be allowed as prayed for in the petitions of the relators.

*Writs allowed.*

KOVACHY and SKEEL, JJ., concur.